■ In the Matter of the Arbitration between SCIENCE DEVELOPMENT CORP. et al., Respondents, and MILTON SCHONBERGER, Appellant.—Judgment, Supreme Court, New York County (David Saxe, J.), entered February 24, 1989, which, *inter alia,* granted petitioners-respondents' motion to renew and, upon renewal, vacated a prior order and judgment of said court, entered April 12, 1988, granted petitioners-respondents' motion to vacate the arbitration award, and remanded for further arbitration before a new panel, unanimously affirmed, without costs.

After an initial confirmation by the IAS Part of the arbitration award granted to respondent-appellant, Milton Schonberger, it was learned by petitioners-respondents, Science Development Corp. and Farleigh S. Dickinson, Jr., that Schonberger and his then attorneys had failed to disclose critical evidence to the arbitrators. Specifically, it was revealed in the course of a dispute over legal fees which subsequently developed between Schonberger and his attorneys that counsel fees for prior services had been computed as a percentage of the royalties of certain patents owned by Schonberger.

In view of the fact that the value of Schonberger's assets was a central issue in the arbitration, petitioners-respondents moved to renew their previously denied application to vacate

the arbitration award on the ground that Schonberger and his attorneys had concealed a transaction which provided strong evidence with respect to such value.

While we recognize that the discovery of new evidence is generally not a ground for vacatur of an arbitration award *(Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950; *Levine v Klein,* 70 AD2d 532), it was proper, under the circumstances presented herein, for the IAS Part to grant renewal and vacate the award pursuant to CPLR 7511 (b) (1) (i), which cites the grounds of "corruption, fraud or misconduct in procuring the award". As was observed by this court in *Matter of Kalgren (Central Mut. Ins. Co.)* (68 AD2d 549, 553), "[w]hile their lack of candor may fall short of outright fraud, it does constitute the type of misconduct that warrants further proceedings before the arbitrator". Concur—Murphy, P. J., Ross, Milonas, Kassal and Rubin, JJ.