1997-NMSC-027

940 P.2d 1175

**Ricardo MEDINA, Plaintiff–
Appellee/Cross–
Appellant,**

v.

**FOUNDATION RESERVE INSURANCE
COMPANY, INC., Defendant–
Appellant/Cross–Appellee.**

No. 23147.

Supreme Court of New Mexico.

April 30, 1997.

Certiorari Denied June 9, 1997.

Foster, Johnson, Harris, McDonald Thomas L. Johnson Albuquerque, for Defendant–Appellant/Cross–Appellee.

Houston Ross, Albuquerque, for Plaintiff–Appellee/Cross–Appellant.

## *OPINION*

BACA, Justice.

1. Foundation Reserve appeals the denial of its motion to vacate an arbitration award. The district court found that the award was obtained by fraud, corruption, and undue means, and therefore should be vacated under the New Mexico Uniform Arbitration Act. *See* NMSA 1978, § 44–7–12(A)(1). However, the district court concluded that it had no authority to order relief because, under Rule 1–060(B)(6) NMRA 1997, of the rules of civil procedure, the motion to vacate the arbitration award was not timely. We vacate the district court order affirming the award and remand the case to a new panel of arbitrators to evaluate the merits of the original claim.

### I.

2. In 1985 Ricardo Medina filed a claim for uninsured motorist benefits with his insurance carrier, Foundation Reserve Insurance Company, Inc., alleging that he was injured in an automobile accident. Medina claimed that his injuries forced him to abandon his pursuit of a teaching degree because he was unable to perform the activities necessary to fulfill the student teaching requirements. Following arbitration of the claim, Medina was awarded policy limits of $100,000. The district court confirmed the arbitration award. Foundation Reserve appealed the confirmation, contesting the discovery limita-tions imposed by the arbitrators. Despite the discovery limitations, this Court upheld the arbitration award because the parties had agreed to resolve the dispute through arbitration, a process which does not utilize the extensive discovery devices available in judicial proceedings. *See Medina v. Foundation Reserve Ins. Co.,* No. 18,930, slip op. at 4–5 (N.M. Aug. 29, 1991). This Court concluded that Foundation Reserve "had adequate knowledge to frame its case and defend its position at the arbitration hearings." *Id.* at 5.

3. Next, Medina filed a claim alleging that Foundation Reserve had acted in bad faith by attempting to avoid coverage under the policy. The district court found that Medina obstructed discovery throughout the bad faith case. The district court also found that Medina had lied and concealed documents both during arbitration and during the bad faith case. Therefore, the district court dismissed Medina's claim of bad faith. This Court upheld the dismissal in light of the clear evidence of Medina's flagrant disregard for his discovery obligations. *See Medina v. Foundation Reserve Ins. Co.,* 117 N.M. 163, 167, 870 P.2d 125, 129 (1994).

4. Following dismissal of the bad faith case, and in light of the information revealed during discovery for that case, Foundation Reserve filed a motion to set aside the arbitration award. The district court's findings in that case included the following:

8. Plaintiff obtained his arbitration award by corruption, fraud, and undue means.

. . . .

11. Relevant and material evidence was concealed, withheld, and otherwise not made available to Foundation Reserve because of Plaintiff's obstruction.

. . . .

14. Plaintiff obstructed Foundation Reserve from obtaining access to material documents and information.

15. Plaintiff concealed material documents and information.

16. Plaintiff withheld material documents and information.

*Medina v. Foundation Reserve Ins. Co.,* No. CV 87–7192, slip op. at 2 (N.M.Dist.Ct. May

4, 1995). These findings meet the requirement for vacatur of an arbitration award based on fraud, corruption, and undue means, as provided for in the Arbitration Act. *See* Section 44–7–12(A)(1). In addition, the district court concluded that the motion to vacate the award was timely filed under the Arbitration Act.

5. Despite these findings of fact and the district court's acknowledgement that the arbitration award should be set aside, the court confirmed the award. The court's decision rested on application of Rule 1–060(B)(6), which explicitly requires that a motion to vacate an award be filed within one year after entry of the award, unless the award was procured through "fraud upon the court." The district court found that Medina's conduct did not rise to the level of fraud upon the court. Further, the district court concluded that it lacked the power to vacate the award because the motion to set aside the judgment was filed more than one year after the award was made. Foundation Reserve appeals this ruling.

## II.

6. On appeal we determine whether the district court erred when it refused to vacate Medina's arbitration award. We begin by determining which appellate rules apply to the vacatur of an arbitration award: the Rules of Civil Procedure or the provision governing vacatur of an arbitration award contained in the Arbitration Act. Then we must determine whether there is substantial evidence to support the findings of fact relevant to vacatur of the award under the appropriate rules.

## A.

7. Both the Rules of Civil Procedure and the Arbitration Act contain a provision governing the time limitation for filing a motion to vacate an award. Rule 1–060(B)(6) provides that a judgment may be set aside within one year following its entry for certain statutorily provided reasons. A judgment may also be set aside more than one year after entry of that judgment provided there is a finding of fraud upon the court. *See* Rule 1–060(B)(6). By contrast, the Arbitra-

tion Act provides that an award may be vacated if it is "predicated upon corruption, fraud, or other undue means." Section 44–7–12(A)(1). In the case of fraud, corruption, and undue means, the motion to vacate must be filed within ninety days after such grounds are known or should have been known. *See* NMSA 1978, § 44–7–12(B).

8. The district court, applying the one-year limitation period set forth in Rule 1–060(B)(6) of the Rules of Civil Procedure, found that the award was not challenged within one year after it was made. The district court also found that Medina's conduct did not rise to the level of fraud upon the court. Thus, the district court concluded that it was precluded from vacating the arbitration award. We hold that the district court erred in applying Rule 1–060(B)(6) and in concluding that it was precluded from vacating the award.

9. The Rules of Civil Procedure provide that they are not to be applied where "existing rules applicable to special statutory or summary proceedings are inconsistent herewith." Rule 1–001 NMRA 1997 (providing scope of rules); *see, e.g., Holman v. Oriental Refinery,* 75 N.M. 52, 54, 400 P.2d 471, 473 (1965) (recognizing that rules of civil procedure are inapplicable to special statutory proceedings of workmen's compensation claims where they conflict with rules provided in the Workmen's Compensation Act). Case law has established that in the event of conflict, the rules governing special statutory proceedings take precedence over the general rules of civil procedure. *See Holman,* 75 N.M. at 54, 400 P.2d at 473.

10. Arbitration is a special statutory proceeding which requires application of procedural rules that may conflict with the more general rules of civil procedure in order to accomplish the purpose behind the Act. In 1971 the New Mexico Legislature adopted the Uniform Arbitration Act in order to encourage final resolution of disputes through arbitration rather than litigation. *See Dairyland Ins. Co. v. Rose,* 92 N.M. 527, 531, 591 P.2d 281, 285 (1979). Voluntary arbitration provides parties to a lawsuit with fast and inexpensive resolution of a dispute.

*See Board of Educ. of Carlsbad Mun. Schs. v. Harrell*, 118 N.M. 470, 475, 882 P.2d 511, 516 (1994). The Arbitration Act restricts courts from vacating an arbitration award under any circumstances unless there are "allegations of fraud, partiality, misconduct, excess of powers, or technical problems in making the award." *Harrell*, 118 N.M. at 475–76, 882 P.2d at 516–17. The reasons for limiting the right to vacate an arbitration award are threefold: (1) arbitration helps to keep courts' dockets lighter and reconsideration of arbitration awards could overburden the courts; (2) reconsideration of arbitration awards would defeat two of the critical reasons for participating in arbitration: speed and low cost; and (3) parties participating in arbitration do so in part because they are uncomfortable with the formal judicial process. *See* Arthur A. Greenfield, *The Contract to Arbitrate Future Disputes: A Comparison of the New Mexico Act with the New York and Federal Acts*, 9 N.M.L.Rev. 71, 86–87 (1978–79) (presenting reasons for limiting right to vacate arbitration awards); *see also Daniels Ins. Agency, Inc. v. Jordan*, 99 N.M. 297, 299, 657 P.2d 624, 626 (1982) (noting that legislative intent in establishing framework for arbitration and policy of courts in enforcing framework is to reduce case loads in courts). Additionally, the short time period for moving to vacate an arbitration award was designed to further judicial economy by ensuring that challenges to awards are brought promptly. *See United Tech. & Resources, Inc. v. Dar Al Islam*, 115 N.M. 1, 3, 846 P.2d 307, 309 (1993). The strict time limit for filing a motion to vacate an arbitration award is essential to the arbitration process. *Id.* at 4, 846 P.2d at 310. Furthermore, caution in reviewing an award is appropriate given that both parties have requested the decision of an arbitrator rather than pursuing judicial resolution of the dispute, and have thus waived most objections to that decision. *See Harrell*, 118 N.M. at 476, 882 P.2d at 517.

 11. The time restrictions applicable to filing a motion to vacate an award contained in the Rules of Civil Procedure conflict with those contained in the Arbitration Act. The Arbitration Act is a special statutory proceeding which requires finality of an award in order to achieve the purpose behind the Act. Thus, we hold that the district court should have applied Section 44–7–12(B) of the Arbitration Act in determining whether the motion to vacate the arbitration award was timely.

**B.**

 12. Next, we determine whether there is substantial evidence in the record to support vacatur of the arbitration award under Section 44–7–12(A)(1). In evaluating the propriety of an arbitration award, the reviewing court will conduct an evidentiary hearing and enter findings of fact and conclusions of law upon any issue presented in the motion to vacate the award. *See Melton v. Lyon*, 108 N.M. 420, 421, 773 P.2d 732, 733 (1989). In reviewing the determination of a lower court affirming an arbitration award, this Court is restricted to evaluating whether substantial evidence in the record supports the district court's findings of fact and application of law, taking all evidence in the light most favorable to upholding the arbitration award. *See State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.*, 108 N.M. 192, 193, 769 P.2d 726, 727 (1989). Substantial evidence is that evidence which is relevant and which a reasonable mind could accept as adequate to support a conclusion. *See Pucci Distrib. Co. v. Nellos*, 110 N.M. 374, 376, 796 P.2d 595, 597 (1990). The party attacking a finding of fact must set forth the evidence in the light most favorable to those findings and then show why the evidence failed to support the finding. *See Jurado v. Jurado*, 119 N.M. 522, 526, 892 P.2d 969, 973 (Ct.App.1995).

13. First, we evaluate the evidence supporting the district court's finding that the motion to vacate the arbitration award was timely filed under Section 44–7–12(B). According to the district court, Foundation Reserve met its obligation to file the motion to vacate within ninety days of the time when they discovered or should have discovered that the award was procured through fraud, corruption, and undue means. *See* § 44–7–12(B). Medina contends that the Motion to Vacate was not timely because Foundation Reserve was aware of Medina's fraudulent conduct long before the motion to vacate was

filed. According to Medina, by February 4, 1992, Foundation Reserve was alerted to Medina's fraudulent assertion that he was unable to teach. Medina also claimed that on February 19, 1992, Foundation Reserve deposed Medina and discovered further evidence that Medina was teaching despite his claims of inability to teach. The motion to vacate was filed 91 days after that deposition, on May 20, 1992.

■ 14. We found substantial evidence in the record to support the district court's finding that the motion to vacate was timely filed. The motion to vacate was based on more than the assertion that Medina had misled the arbitrators about his ability to teach. Foundation Reserve also based the motion to vacate on Medina's lies about his work history, his inaccurate portrayal of his psychological condition, and his deceptive presentation of his physical condition. This evidence came to light after the February 19, 1992 deposition. Thus, Foundation Reserve timely filed the motion to vacate.

■ 15. Next, we determine whether there is substantial evidence that the award was procured by fraud, corruption, and undue means. Perjury and concealment of material evidence are justifications for setting aside an arbitration award based on fraud, undue means, and corruption. *See, e.g., Dogherra v. Safeway Stores, Inc.,* 679 F.2d 1293, 1297 (9th Cir.1982) (obtaining arbitration award with perjured testimony constitutes fraud and award should be set aside); *Science Dev. Corp. v. Schonberger (In re Science Dev. Corp.),* 156 A.D.2d 253, 548 N.Y.S.2d 642, 643 (1989) (concealing evidence constitutes corruption and fraud in procuring award sufficient to justify vacating award and remanding to a new panel of arbitrators). In the instant case, the district court made several findings of fact which establish that Medina procured his award through corruption, fraud, and undue means. Some of the relevant findings of fact include: (1) Medina concealed material documents and information; (2) Medina withheld material documents and information; (3) Medina obtained

the award through false and perjured testimony and by concealing and withholding material documents and information.

■ 16. There is substantial evidence in the record to support these findings of fact. Foundation Reserve had an expert witness testify that the award was procured through fraud. The expert noted that Medina presented false testimony pertaining to his ability to continue student teaching. In addition, documentary evidence indicated that Medina provided his experts with false information on which they based their testimony. For example, Medina led his own experts to believe that he had to stop attending school and stop student teaching due to his injuries, when in fact he continued to student teach following the accident. Medina also testified before the arbitrators that he would be unable to make up the student teaching time missed following the accident until the fall of 1989. Foundation Reserve eventually found evidence establishing that Medina completed his student teaching requirements prior to the fall of 1989. Finally, Foundation Reserve produced evidence that Medina provided false testimony about his psychological and employment history. We conclude that there is substantial evidence that Medina procured the arbitration award through fraud, corruption, and undue means.

### III.

17. We hold that the district court erred in applying the Rules of Civil Procedure governing vacatur of an award. Foundation Reserve timely filed a motion to vacate the arbitration award pursuant to Section 44–7–12(B) of the Arbitration Act. There was substantial evidence in the record to support the findings of fact and conclusions of law that Medina procured his arbitration award through fraud, corruption, and undue means. Thus, pursuant to Section 44–7–12(B), we vacate the arbitration award. Furthermore, under 44–7–12(C), we order a rehearing before a new panel of arbitrators to determine whether Medina is entitled to an award under the true facts relevant to this claim.[1]

1. In support of our decision to remand to a new arbitration panel we note the comments of the

Supreme Court of Minnesota, which applied a similar arbitration act to that implemented in

Pending resolution of this case before the new panel of arbitrators, we order Medina to return to Foundation Reserve all monies that have been paid out on the vacated award.

18. **IT IS SO ORDERED.**

FRANCHINI, C.J., and SERNA, J., concur.

New Mexico, and concluded that "[o]nly where the award was procured by fraud or corruption ... is rehearing by a different arbitrator required." *Metropolitan Airports Comm'n v. Metropolitan Airports Police Fed'n,* 443 N.W.2d 519, 525 (Minn.1989).