Hinkle, J.
In a Memorandum of Decision and Order dated August 28, 2002, this Court confirmed an arbitration award finding no just cause for Correctional Officer Eric Donnelly’s termination from employment by plaintiff, the Suffolk County Sheriff, and ordering full back pay and benefits for the period of December 29, 1999 through May 16, 2001. The Sheriff now moves for relief for judgment under Mass.R.Civ.P. 60(b)(6) on the ground that the arbitration award was procured by fraud. For the reasons set forth below, after a hearing, the Sheriffs motion is ALLOWED.
BACKGROUND
Eric Donnelly (“Donnelly”) was a lieutenant employed by the Suffolk County Jail in Boston, when on October 16, 1999 an inmate named Leonard Gibson (“Gibson”), who suffered from Tourette’s Syndrome, alleged that he was beaten by Donnelly and another officer, William Benson, while locked up in the medical unit of the facility. After an internal investigation, the Sheriff terminated Donnelly on December 29, 1999 for having physically abused an inmate under his care and custody. AFSCME Council 93, Local 3643, filed a grievance on Donnelly’s behalf. The dispute was submitted to arbitration under an agreement between the Sheriff and AFSCME Council 93, Local 3643.
At the arbitration hearing on November 28, 2000, Donnelly testified under oath that he did not enter Gibson’s cell and assault him on October 16, 1999. Donnelly also submitted as an exhibit his written incident report, filed with a superior, which made no mention of any assault occurring.
On December 5, 2000, after the arbitration hearing had begun, but before the arbitrator issued his decision, Donnelly was indicted by a Federal grand juiy and charged with excessive force against an inmate under his care and custody.[1] The indictment involved the same circumstances for which Donnelly had been terminated.
On February 28, 2001, the arbitrator issued a decision concluding that there was no just cause for Donnelly’s termination and ordering that he be reinstated with full back pay and benefits. The arbitrator concluded that the Sheriff had failed to prove beyond a reasonable doubt that Donnelly assaulted Gibson. Specifically, he found that the use of Gibson’s videotaped testimony at the arbitration hearing violated Donnelly’s Sixth Amendment right to confront his accuser. In so concluding, the arbitrator opined that there was reason to question the reliability of Gibson’s identification of Donnelly as a participant in the alleged assault.
On May 15, 2001, a Federal grand juiy returned a superseding indictment, alleging in Count I that Donnelly conspired with other correctional officers to violate the civil rights of pretrial detainees in violation of 18 U.S.C. §241, and alleging in Count XV that Donnelly deprived Gibson of his civil rights in violation of 18 U.S.C. §242. The superseding indictment alleged:
During the 3-11 shift, after Leonard Gibson was thought to be swearing at defendant WILLIAM R. BENSON, who was assigned as a unit officer in the Medical Unit, Gibson was locked in his cell. A short time after that, defendant Lt. ERIC J. DONNELLY caused the cell door to be opened, and then DONNELLY and defendant WILLIAM R. BENSON entered Gibson’s cell and punched and slapped Gibson in the face, head, and body for his verbal outbursts, shouting, in substance, that he was a fake and they would beat the Tourette’s out of him.
On May 16, 2001, the Sheriff notified Donnelly that he was suspended indefinitely without pay under G.L.c. 268A, §25.
The Sheriff brought this action under G.L.c. 150C, §11, seeking to vacate the arbitrator’s award on the ground that the arbitrator exceeded his authority in applying the reasonable doubt standard; the arbitra *512 tor exceeded his authority by concluding that the Sixth Amendment right to confrontation applies at arbitration hearings; the arbitrator’s award violated public policy, and the arbitrator exceeded his authority by issuing an order contrary to G.L.c. 268A, §25.
In a Memorandum of Decision and Order dated August 28, 2002, this Court confirmed the portion of the arbitration award finding no just cause for Donnelly’s termination and ordering full back pay and benefits for the period of December 29, 1999 through May 16, 2001, but vacated the portion of the award reinstating Donnelly.
Thereafter, on March 3, 2003, Donnelly pleaded guilty in United States District Court (Lindsay, J.) to Counts I and XV of the superseding indictment, which alleged violation of Gibson’s civil rights and conspiracy to violate civil rights. In his plea colloquy Donnelly admitted to the following facts set forth by an Assistant United States Attorney:
The evidence would show that on October 16, 1999 the defendant Donnelly, while on duly at the jail, entered the medical unit where a detainee Leonard Gibson... was being housed. Leonard Gibson, who suffered from Tourette’s Syndrome, which is characterized by repeated and involuntary body movements and ticks and uncontrollable vocal sounds, often profanity. The evidence would be defendant Donnelly was actually in the unit to watch a baseball play-off game. Mr. Gibson was then thought to be swearing at defendant William Benson and was then locked in his cell. Gibson continued to make noises and verbally harass the officers from inside his cell. At one point then while the detainee Gibson was secured in his cell, the defendant Donnelly and William Benson decided to essentially teach him a lesson. They went into Gibson’s cell and each struck him several times. These strikes were an unjustified use of force and redundant to punish Gibson for his disruptive behavior. While hitting him the officers yelled something to the effect of “We’ll beat the Tourette’s out of you.” As a result of this incident Gibson suffered cuts on his head and back and pain and bruising. Later defendant Donnelly and other officers gave false and misleading statements to SID about the [sic] knowledge of the Gibson incident.
The Sheriff now moves for relief from this Court’s August 28, 2002 judgment confirming the award of back pay on the ground that the arbitrator’s award was procured by fraud: i.e., Donnelly’s false testimony that he did not assault Gibson.
DISCUSSION
Massachusetts Rule of Civil Procedure 60(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a parly or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse pariy; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
Relief under Rule 60(b)(6) is limited to instances when the vacating of the judgment is justified by some reason other than those set forth in subdivisions (1) through (5) of the rule. Sahin v. Sahin, 435 Mass. 396, 407 (2001); Parrell v. Keenan, 389 Mass. 809, 814 (1983). Although Rule 60(b)(3) specifically authorizes relief from judgment for fraud, misrepresentation, or other misconduct of an adverse party, misrepresentation of evidence or even use by the prevailing parly of peijured testimony is normally insufficient to vacate a judgment under Rule 60(b)(3); rather, fraud on the court involving corruption of the judicial process itself is required. See Sahin v. Sahin, 435 Mass. at 406; Pina v. McGill Develop. Corp., 388 Mass. 159, 165-66 (1983); Winthrop Corp. v. Lowenthal, 29 Mass.App.Ct. 180, 184-87 (1990) (fraud on court includes bribery of judge or juiy and involvement of attorney in perpetrating fraud). Thus, because the Sheriff seeks relief based on Donnelly’s false testimony during the arbitration hearing, the Sheriff is eligible for relief under Rule 60(b)(6). See Winthrop Corp. v. Lowenthal, 29 Mass.App.Ct. at 187-88 (granting relief from arbitrator’s award under 60(b)(6) where attorney’s failure to disclose contingency fee agreement to arbitrator and court confirming award was not fraud on court, but agreement was material to arbitrator’s rendering proper decision).
Rule 60(b)(6) enables a court to vacate judgments whenever such action is necessaiy to accomplish justice. Sahin v. Sahin, 435 Mass. at 406; Parrell v. Keenan, 389 Mass. at 815. However, in the interest of finality, relief under Rule 60(b)(6) should be granted only in compelling or extraordinary circumstances. Sahin v. Sahin, 435 Mass. at 406; Rezendes v. Rezendes, 46 Mass.App.Ct. 438, 441, rev. den., 429 Mass. 1106 (1999). Under General Laws Chapter 150C, section 11, “the superior court shall vacate an award if . . . the award was procured by corruption, fraud or other undue means . . .’’ G.L.c. 150C, § 11(a)(1) (2000). Presenting peijured testimony to an arbitrator in order to obtain an award in one’s favor clearly constitutes fraud under such a statutory provision. See, e.g., Medina v. Foundation Reserve Ins. Co., Inc., 940 P.2d 1175, 1179 (N.M. 1997); Seattle Packaging Corp. v. Barnard, 972 P.2d 577, 580 *513 (Wash.Ct.App. 1999). Under the Federal Arbitration Act, in order for fraud to justify vacating an arbitration award, the moving party must establish the fraud by clear and convincing evidence; the fraud must not have been discoverable upon the exercise of due diligence before the close of the arbitration hearing; and the moving party must demonstrate that the fraud materially related to an issue of consequence in the arbitration hearing. Pacific & Arctic Ry. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991); Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383 (11th Cir. 1988). Accord Seattle Packaging Corp. v. Barnard, 972 P.2d at 580 (applying this test under state arbitration statute). The moving party need not show that the result of the proceedings would have been different if the fraud had not occurred. Bonar v. Dean Witter Reynolds, Inc., 835 F.2d at 1383.
Applying this standard, Donnelly’s guilty plea to violating Gibson’s civil rights by assaulting him establishes by clear and convincing evidence that his testimony at the arbitration hearing denying participation in any assault was false. The Sheriff could not have discovered this fraud before Donnelly’s plea on March 3, 2003, two years after the arbitrator issued his decision. And, given that the sole question before the arbitrator was whether just cause existed for Donnelly’s termination, Donnelly’s false testimony that he did not participate in the assault on Gibson necessarily related to an issue of consequence.
The Union contends that Donnelly’s false testimony was not material to the arbitrator’s decision because the arbitrator did not specifically credit Donnelly’s testimony, but he concluded that by using Gibson’s videotaped testimony Donnelly’s Sixth Amendment rights were violated. However, since the arbitrator opined that there was reason to question the reliability of Gibson’s identification of Donnelly as a participant in the assault, Donnelly’s denial of involvement clearly influenced the arbitrator’s decision.
In addition, in my August 28, 2002 confirmation of the arbitration award, I held that reinstatement and back pay could not be deemed to violate public policy because the arbitrator specifically found that the Sheriff did not prove that Donnelly assaulted Gibson, citing City of Lynn v. Thompson, 435 Mass. 54, 65 (2001), cert. den., 534 U.S. 1131 (2002). With Donnelly’s guilty plea, the circumstances have changed dramatically. Because Donnelly has pleaded guilty to assaulting Gibson, allowing Donnelly almost 17 months of back pay and benefits would violate public policy. Cf. Brittle v. Boston, 439 Mass. 580, 588-89 (2003) (police officer who pleaded guilty to federal drug charges not entitled to back pay under G.L.c. 268A, §25 for 40 month period of suspension preceding his guilty plea, even though state charges which prompted his suspension were nol prossed).
Therefore, I find and rule that this case presents compelling and extraordinary circumstances, and I conclude that vacating the order of judgment confirming the arbitrator’s award is necessary to accomplish justice.
ORDER
For the foregoing reasons, plaintiffs motion for relief from judgment is ALLOWED. This Court’s August 28, 2002 Order is VACATED. A new order shall enter as follows:
Plaintiffs motion for summary judgment is ALLOWED, and the defendant’s cross motion for summary judgment is DENIED. The February 28, 2001 Arbitration Award reinstating Eric Donnelly and ordering full back pay and benefits for the period of December 29, 1999 through May 16, 2001 is VACATED in its entirely.

The indictment alleges that “Eric J. Donnelly while acting under the color of the laws of the Commonwealth, did willfully, combine, conspire and agree with others to injure, threaten, oppress, and intimidate Leonard Gibson in the free exercise and enjoyment of the rights and privileges secured to him by the Constitution and laws of the United States which includes the right to be free from the use of unreasonable and excessive force amounting to punishment by one acting under color of law.”