This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PARGIN REALTY ERA,**

Plaintiff-Appellee,

**v.**                                                        **No. 31,689**

**CARL SCHMIDT,**

Defendant-Appellant,

**and**

**DESERT SAGE REALTY,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Ronald T. Taylor
Albuquerque, NM

for Appellee

Carl Schmidt
Albuquerque, NM

Pro se Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Carl Schmidt appeals from the district court's judgment confirming an arbitration award against him, individually and as qualifying broker of Desert Sage Realty (Desert Sage). At issue in the underlying arbitration proceedings was a real estate commission dispute. Relying on a number of technical and procedural arguments, Mr. Schmidt essentially contends that the district court erred in enforcing the award against him, personally, rather than against the realty company itself. We hold with substance over form and affirm the district court's judgment confirming the arbitration award.

**BACKGROUND**

From the record on appeal, the following documentary history appears. The Greater Albuquerque Association of REALTORS®[1] (the Albuquerque Association) sent a November 18, 2008, letter addressed to two sides of a commission dispute. One side consisted of Cynthia J. Harris and John van Nortwick at Pargin Realty ERA (Pargin). The other side consisted of Carl J. Schmidt at Desert Sage Realty. The

---

[1] REALTOR®"is a registered mark which identifies a professional in real estate who subscribes to a strict Code of Ethics as a member of the NATIONAL ASSOCIATION OF REALTORS®[.]"

letter's "Reference" stated, "Arbitration matter, Case #40/07A between Cynthia Harris/John van Nortwick and Carl Schmidt[.]"

The purpose of the letter was to discuss a pre-hearing process to set a date for an arbitration hearing, among other things. The letter stated that the arbitration panel would be selected from the membership of the Albuquerque Association's professional standards committee. Mr. Schmidt responded in a December 8, 2008, letter, raising, among other things, a complaint that the Albuquerque Association was ignoring Standard of Practice 17-4, contained in the Code of Ethics and Arbitration Manual of the National Association of Realtors. Mr. Schmidt contended that this rule excluded him "as a proper party Respondent."

On July 15, 2009, a six-member panel of the professional standards committee of the Albuquerque Association (the Arbitration Panel) heard evidence in Case #40/07A in order to resolve the dispute. At the opening of the hearing, the Arbitration Panel chairperson announced that Mr. Schmidt was the Respondent and that he was represented pro se. During the hearing, Mr. Schmidt stated that he was the qualifying

broker of Desert Sage.[2]  The Arbitration Panel issued an Award of Arbitrators (the Award) that stated, in part, that

> the Hearing Panel [duly appointed] to hear and determine an arbitrable dispute between John van Nortwick and Cynthia Harris and Pargin Realty ERA, Complainants[] vs. Carl Schmidt and Desert Sage Realty, Respondents, . . . having heard all the evidence and arguments of the parties, a majority of the panel finds there is due and owing $3420.00 to be paid by DESERT SAGE . . . to PARGIN . . ., which shall be paid within ten . . . days following receipt of the award by either (1) paying the award to the party[] named in the award or (2) depositing the funds with the . . . Albuquerque Association . . . to be held in a special Board escrow account maintained for this purpose. . . . Requests for procedural review of the arbitration hearing procedures must be filed in writing with the Chairperson of the . . . Albuquerque Association . . . within twenty . . . days after the award has been served on the parties.  The request for procedural review must cite the alleged procedural deficiencies or other irregularities the party believes constitute a deprivation of due process.

On September 15, 2009, the Albuquerque Association's six-member "Procedural Review Tribunal" (the Review Tribunal) conducted, at Mr. Schmidt's request, a procedural review of the arbitration hearing in Case #40/07A.  The Review Tribunal affirmed "the award of the arbitration Hearing Panel."

---

[2]  As the Appellant in this matter, it was Mr. Schmidt's burden "to bring to this Court a sufficient record to demonstrate the validity of his contentions and to cite the pertinent portions of the record in his brief."  *Drake v. Trujillo*, 1996-NMCA-105, ¶ 18, 122 N.M. 374, 924 P.2d 1386.  Mr. Schmidt has provided an insufficient record of the arbitration transcript, thus leaving this Court with no record of his position before the Arbitration Panel, including whether he apprised the Arbitration Panel of his position that his liability and that of Desert Sage were distinguishable.

4

On January 6, 2010, Pargin filed a "Suit for Monies Owing and Malicious Breach of Agreement" in district court against Carl Schmidt individually and as qualifying broker of Desert Sage. The action alleged that Mr. Schmidt had "agreed to abide by the Rules and Regulations of the [Albuquerque Association]" and had "failed and refused to pay the monies as ordered by the [Albuquerque Association] and pursuant to the Rules and Regulations of the [Albuquerque Association]." And the action asserted intentional and malicious breach of the agreement and sought compensatory and punitive damages and attorney fees. Simultaneously with its suit, Pargin filed an "Arbitration Certificate" in the district court pursuant to Second Judicial District Court LR 2-603 NMRA. The arbitration certificate certified that Pargin sought "only a money judgment and the amount sought does not exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney fees."

Mr. Schmidt, pro se, filed an answer and motion to dismiss and a first amended answer. Among his affirmative defenses, Mr. Schmidt asserted that the Arbitration Panel made no award against him, lack of service of process, that no evidence was presented against Desert Sage, and Desert Sage was never served with process and never made an appearance at the time of the arbitration proceeding, that Mr. Schmidt

was neither an agent for service of process, an employee, nor an owner of Desert Sage, and that Desert Sage had not been served with process in the present action.

In April 2010, the district court issued an order appointing an arbitrator for court-annexed arbitration pursuant to LR 2-603. And on July 21, 2010, the court-appointed arbitrator, having heard evidence, issued an arbitration award in favor of Pargin and against Mr. Schmidt and Desert Sage in the amount of $3,125.00. Mr. Schmidt filed notice of appeal from this arbitration award to the district court pursuant to LR 2-603. The award and the appeal received the same docket number as the action by Pargin in which the matter had been referred to the arbitrator who issued the award.

On August 27, 2010, Pargin filed a motion to amend the title of the complaint to conform to its allegations. The amendment, which the district court allowed, read "First Amended Suit to Enforce Arbitration Award, [Judgment] for Monies Owing and Damages for Malicious Breach of Agreement[.]" The court's order allowing the amendment stated that Pargin was "entitled to Amend the Complaint . . . as a petition to enforce . . . arbitration award and for monies owing pursuant to the Arbitration Award[.]"

Mr. Schmidt filed several motions to dismiss, a motion for judgment on the pleadings, and a motion for summary judgment, all of which were denied by the

district court. The district court appears to have verbally indicated to the parties what its decision would be, and Pargin appears to have submitted a proposed form of judgment. Mr. Schmidt on September 26, 2011, filed "Defendants['] Objection to Plaintiff's Proposed [Judgment.]." Mr. Schmidt listed objections as to form, content, and attorney fees. He continued to assert that he had no vicarious, personal, or individual liability. Mr. Schmidt also filed a "Request for Findings of Fact and Conclusions of Law[,]" in which he offered findings of fact and conclusions of law for adoption by the court. This request was denied based on the court's determination that "the evidence [did] not support them."[3]

The district court entered a judgment adopting arbitration award on October 4, 2011. The judgment was entered "for Pargin . . . and against Carl Schmidt [i]ndividually and as [q]ualifying [b]roker of Desert Sage . . . in the amount of $3,420[.]" The court also awarded $8,143.36 in attorney fees and costs. Mr. Schmidt filed a notice of appeal to this Court.

---

[3] The record on appeal demonstrates that the evidence before the district court consisted of exhibits attached to the parties' respective motions, including, among other things, correspondence between the Albuquerque Association and Schmidt, affidavits, excerpts from the National Association of Realtors Arbitration Manual, a partial transcript of the proceedings before the Arbitration Panel, the Award, and the Review Tribunal's decision.

7

Mr. Schmidt, pro se, filed a brief in chief and a reply brief in this Court. He nowhere indicates that he is representing Desert Sage. No attorney filed an appearance on behalf of Desert Sage and none has appeared for that entity on appeal. On appeal, Mr. Schmidt requests that we reverse the district court's judgment.

In support of his request, Mr. Schmidt argues that, owing to alleged defects in Pargin's complaint, the district court lacked jurisdiction to entertain or to proceed with this case from the beginning. Mr. Schmidt also argues that he was not a proper party, that the district court erred in enforcing the arbitration award against him, and that the district court erred in attaching individual or vicarious liability to him for the acts or omissions of Desert Sage. Additionally, Mr. Schmidt argues that because Desert Sage was not served with process, the district court lacked jurisdiction to enter an award against it, that the district court erred in failing to make findings and conclusions, and that the court erred in awarding attorney fees to Pargin. We conclude that none of Mr. Schmidt's arguments warrant reversal; accordingly, we affirm the district court's judgment.

**DISCUSSION**

As a threshold matter, we must resolve the parties' disparate views of the legal nature of the proceedings in the district court. Mr. Schmidt's briefing is based mainly upon his theory that Pargin, by filing its "complaint" in the district court, commenced

8

a lawsuit based on breach of contract for the collection of a commission under the Real Estate Brokers and Salesmen Act, NMSA 1978, §§ 61-29-1 to -29 (1959, as amended through 2011), and particularly under Section 61-29-16. Section 61-29-16 provides that:

> No action for the collection of a commission or compensation earned by any person as a qualifying broker or an associate broker required to be licensed under the provisions of [the Real Estate Brokers and Salesmen Act] shall be maintained in the courts of the state unless such person was a duly licensed qualifying broker or associate broker at the time the alleged cause of action arose. In any event, suit against a member of the public as distinguished from any person licensed under [the Real Estate Brokers and Salesmen Act] shall be maintained only in the name of the qualifying broker.

In keeping with his view, Mr. Schmidt devotes a significant portion of his argument to the application of the Real Estate Brokers and Salesmen Act, as well as related provisions of the New Mexico Administrative Code, and case law interpreting Section 61-29-16. Additionally, he argues a number of procedural failures on behalf of Pargin and the district court under the New Mexico Rules of Civil Procedure.

Pargin, on the other hand, views this case as falling within the Uniform Arbitration Act (the Act), NMSA 1978, §§ 44-7A-1 to -32 (2001). Pargin contends that its complaint in the district court did not commence a "formal lawsuit" but rather constituted a petition to enforce an arbitration award in accordance with the Act. For reasons that we explain in the following paragraphs, we agree with Pargin.

9

**The Act**

"The . . . Act . . . governs an agreement to arbitrate made on or after [July 1, 2001,] the effective date of [the A]ct." Section 44-7A-3(a). According to the Act, "[a]fter a party to an arbitration proceeding receives notice of an award, the party may make a motion to the [district] court for an order confirming the award[.]" Section 44-7A-23. The motion for judicial relief must be made to the district court, pursuant to the "manner provided by law or rule of [the] court for making and hearing motions[,]" and notice of the motion "must be served in the manner provided by law for the service of a summons in a civil action." Section 44-7A-6. In terms of jurisdiction, the Act provides that "[a] court of this state having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate[,]" and "[a]n agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under the . . . Act." Section 44-7A-27. Upon the prevailing arbitration party's motion for an order confirming the award, the district court must issue a confirming order unless the court or an arbitrator modifies or corrects the award or if the court finds that certain conditions of the arbitration proceeding requires that the award be vacated. *See* §§ 44-7A-21, -23, -24(a), -25(a).

The district court's judgment, whether it is to confirm an award or otherwise, is formalized by the entry of a judgment. Section 44-7A-26(a). "The judgment may

10

be recorded, docketed[,] and enforced as any other judgment in a civil action." *Id.* The court "may allow reasonable costs of the motion and subsequent judicial proceedings." Section 44-7A-26(b). And, upon "application of a prevailing party to a contested judicial proceeding[,]" including a motion to confirm an arbitration award, "the court may add reasonable attorney[] fees and other reasonable expenses of litigation incurred in a judicial proceeding" to its judgment. Section 44-7A-26(c).

**The Record in This Case Supports Application of the Act**

The record on appeal in this case shows that Mr. Schmidt was a member of the Albuquerque Board of REALTORS, and, by his signature on his application for membership to that organization, Mr. Schmidt "agree[d] to abide by the Code of Ethics of the NATIONAL ASSOCIATION OF REALTORS including the obligation to arbitrate any existing or future disputes with another Member in accordance with the Board's arbitration procedures[.]" Mr. Schmidt does not refute Pargin's assertion that the agreement to arbitrate was controlled by the Act. *See* § 44-7A-3(a). In fact, Mr. Schmidt appears to concede the issue in his reply brief by stating that he does not dispute that the Arbitration Panel conducted an arbitration hearing under the Act. Thus, it seems clear that the agreement to arbitrate was controlled by the Act. *See id.* (stating that an agreement to arbitrate that was made on or after July 1, 2001, is governed by the Act).

11

Additionally, by virtue of its substance and as reflected in its amended title, it is apparent that the complaint, as amended, filed by Pargin in the district court, sought to clarify the proceeding as one to confirm the Award. We note that in addition to its statement that "the subject matter" of its complaint was the Award, and its specific references to the Arbitration Panel's ruling throughout its complaint, Pargin attached a copy of the Award to its complaint. Additionally, based on the substance of the district court's final judgment, which referenced Pargin's complaint "to approve the July 15, 2009, Arbitration Award of [the Arbitration Panel]," we conclude that the court's judgment constituted a confirmation of the Award. *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 12, 140 N.M. 111, 140 P.3d 532 ("[S]ubstance trumps form when interpreting court orders."). Thus, adhering to substance over form, we determine that Pargin's amended complaint came within the provisions of the Act as a proceeding to confirm the Award and that the district court's judgment constituted a confirmation of the Award. *Cf. Bogle Farms, Inc. v. Baca*, 1996-NMSC-051, ¶ 34, 122 N.M. 422, 925 P.2d 1184 ("Our legal history . . . favors substance over form[.]").

To the extent that Mr. Schmidt's view of this case, as a lawsuit to collect a commission under Section 61-29-16, rather than an action to confirm an arbitration award pursuant to Section 44-7A-23, stems from Pargin having entitled its initial

filing a "complaint" rather than a "motion," we reject his assertion. We are not aware of any statutory or rule-based mandate regarding the form of title for a motion to confirm an arbitration award pursuant to the Act, and Mr. Schmidt does not provide any such authority. *See* Rule 1-008.1(C) NMRA ("The title of a pleading . . . shall have no legal effect in the action."). Further, Mr. Schmidt appears to acknowledge, in some sections of his briefing, that he understood Pargin's complaint as seeking to "enforce" the Award. Particularly, we note the following statement from Mr. Schmidt's brief in chief: "Although somewhat disjointed and totally mis-titled, the body of [Pargin's] very own [c]omplaint states emphatically that it is a complaint being brought to enforce an [a]rbitration [a]ward." Thus, we see no reason to believe that Mr. Schmidt reasonably viewed Pargin's complaint as anything but an action to confirm the Award, particularly after Pargin amended the title of its complaint.

In sum, we conclude that this case, from the commencement of the hearing before the Arbitration Panel and continuing through the district court, was governed by the Act. As such, we review the parties' arguments in conformity with the Act. We reject Mr. Schmidt's view that the proceedings were governed by the Real Estate Brokers and Salesmen Act or by any law related thereto. Having thus concluded that this case is controlled by the Act, we turn now to the merits of Mr. Schmidt's arguments.

13

**Standard of Review**

The Act strictly limits judicial review of arbitration awards. *K.R. Swerdfeger Constr., Inc. v. Univ. of N.M. Bd. of Regents*, 2006-NMCA-117, ¶ 13, 140 N.M. 374, 142 P.3d 962; *see also Durham v. Guest*, 2009-NMSC-007, ¶ 34, 145 N.M. 694, 204 P.3d 19 (stating that "arbitration awards are subject to confirmation by the district court and those awards are final, subject to a very limited scope of judicial review" (citation omitted)). The district court must confirm an arbitration award, *see* § 44-7A-23, unless a party appealing from the award shows that the award was obtained through corruption, fraud, or other undue means; a party was prejudiced by arbitrator corruption, misconduct, or partiality; the arbitrator exceeded his or her powers; and the rights of a party were substantially prejudiced. *See* § 44-7A-24(a). It is not the purview of the district court to review an arbitration award on the merits of the controversy. *See Durham*, 2009-NMSC-007, ¶ 34. In reviewing the district court's confirmation of an arbitration award, "this Court is restricted to evaluating whether substantial evidence in the record supports the district court's [judgment.]" *K.R. Swerdfeger Constr.*, 2006-NMCA-117, ¶ 14 (internal quotation marks and citation omitted). "Substantial evidence is that evidence which is relevant and which a reasonable mind could accept as adequate to support a conclusion." *Medina v. Found. Reserve Ins. Co.*, 1997-NMSC-027, ¶ 12, 123 N.M. 380, 940 P.2d 1175.

14

**Jurisdiction**

Relying on Section 61-29-2(A)(4), case law interpreting that section, and various provisions of the New Mexico Administrative Code applicable to the Real Estate Brokers and Salesmen Act, Mr. Schmidt argues that the district court lacked jurisdiction over this case because Pargin did not allege in its complaint that it was a duly licensed qualifying broker or associate broker, and the district court did not enter a finding to that effect. *See, e.g.*, *Bosque Farms Home Ctr., Inc. v. Tabet Lumber Co.*, 107 N.M. 115, 116, 753 P.2d 894, 895 (1988) (stating that "in order to satisfy the requirements of Section 61-29-16 . . ., the party seeking relief must allege that he was licensed [as a real estate broker] at the time the work or service was performed"); *Star Realty Co. v. Sellers*, 73 N.M. 207, 209, 387 P.2d 319, 320 (1963) (stating that "a judgment for recovery of a real estate commission without a finding that [the] plaintiff held either a broker's or salesman's license, when the cause of action arose, is erroneous"). On that basis, Mr. Schmidt contends that "[t]he case should have been dismissed long ago[,]" pursuant to Rule 1-012(H)(3) NMRA. *See id.* ("Whenever it appears by suggestions of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

As we indicated earlier in this Opinion, we reject Mr. Schmidt's view that Pargin's complaint constituted an action "to collect a real estate commission" pursuant

15

to the Real Estate Broker's and Salesmen Act. Thus, we need not consider whether Pargin's pleadings or the district court's judgment conformed to the standards applicable, generally, to lawsuits pertaining to real estate commissions. Rather, we need only consider whether the district court properly exercised its jurisdiction pursuant to the Act.

According to Pargin, the court properly exercised its jurisdiction in this matter pursuant to Section 44-7A-27 of the Act. *See id.* (explaining that a court with jurisdiction over the parties and the controversy may enforce an agreement to arbitrate, and providing that an agreement to arbitrate in New Mexico confers exclusive jurisdiction on the court to enter a judgment on an arbitration award). Mr. Schmidt does not respond to Pargin's contention that the district court had jurisdiction pursuant to Section 44-7A-27, nor does he cite any on-point authority to support a holding that the Act did not grant the district court jurisdiction over this matter. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (noting that where a party cites no authority to support an argument, we may assume no such authority exists); *Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (concluding that the appellant had conceded an argument that was raised in the appellee's answer brief but not addressed in the appellant's reply brief). Accordingly, Mr. Schmidt has provided no basis for a conclusion that the court

16

lacked jurisdiction over this matter, and we decline further consideration of this issue. *See Valdez v. Yates Petroleum Corp.*, 2007-NMCA-038, ¶ 24, 141 N.M. 381, 155 P.3d 786 (declining to consider an issue for which the appellant had failed to cite any on-point authority).

**Mr. Schmidt's Claim That He Was Not a Proper Party in the Arbitration**

Mr. Schmidt claims that the district court erred in enforcing the Award against him because he was not a proper party. Citing the text of the Award, which was set out in the background section of this Opinion, Mr. Schmidt claims that although the "caption of the arbitration case has the name *Schmidt* in it[,] . . . [t]he final finding and award, does not." On that basis, he concludes that "[t]here was no [a]rbitration [a]ward made against Defendant *Schmidt*[.]" He further states that the district court "entered judgment against, almost, a stranger" because "[a]lthough *Schmidt* did in fact participate in the entire [a]rbitration case, he was ultimately totally exonerated."

Beyond his citation to the body of the Award, Mr. Schmidt does not provide any record support for his claim that "he was ultimately totally exonerated" in the arbitration proceedings. *See Bank of N.Y. v. Romero*, 2011-NMCA-110, ¶ 8, 150 N.M. 769, 266 P.3d 638 ("[W]here a party fails to cite any portion of the record to support its factual allegations, we need not consider its argument on appeal."), *cert. granted*, 2011-NMCERT-010, 289 P.3d 1254. His argument in that regard appears

17

to rest entirely upon the narrow view that because Desert Sage and not Mr. Schmidt appeared within the body of the Award, the Award was exclusively against Desert Sage. The district court was not persuaded by this argument, nor are we. As Pargin indicates, and as demonstrated in the record, Mr. Schmidt was named as a respondent on every arbitration-related document, including the caption of the Award, and the decision by the Review Tribunal that affirmed the Award. That the body of the Award instructed Desert Sage to pay Pargin the amount of the Award does not provide persuasive support for a conclusion that Mr. Schmidt was in any regard "exonerated" in the arbitration proceedings because he was not a proper party.

Further, the record does not support Mr. Schmidt's claim that there was "an entire absence of evidence connecting [him] with the alleged cause of action[.]" Evidence in the record shows that the commission dispute, from its inception, involved Mr. Schmidt. Ms. Harris, the qualifying broker with Pargin, stated in an affidavit that she filed a demand for arbitration with the Albuquerque Board of Realtors "due to a commission dispute *with Mr. Schmidt* and Desert Sage[.]" (Emphasis added.) She also explained that, according to the Albuquerque Association's regulations and according to the National Association of Realtors Arbitration Manual, the demand for arbitration was to be made in the name of the realty company. Therefore, it appears that Mr. Schmidt was, at all times, a party to

18

the dispute, and that Desert Sage was included as a respondent pursuant to the applicable regulations. Mr. Schmidt provides no record citations to support a contrary inference. Thus, on the record before us, we conclude that substantial evidence supported the district court's rejection of Mr. Schmidt's contention that he was not a proper party.

**Liability**

Mr. Schmidt contends that he is neither individually nor vicariously liable for the Award, which, he maintains, was made exclusively against Desert Sage. Citing generally to the New Mexico Administrative Code, Mr. Schmidt maintains that a qualifying broker is not necessarily liable for an act or omission of the entity he represents. And relying on *Stinson v. Berry*, 1997-NMCA-076, 123 N.M. 482, 943 P.2d 129, Mr. Schmidt argues that he is not personally liable for the faults of the corporation—Desert Sage. Further, he contends that there was no factual or legal support for the district court's finding that Mr. Schmidt was liable for the Award.

We turn first to Mr. Schmidt's contention that there was no factual support for the district court's finding that he was liable for the Award. The record reflects that there existed substantial factual support for the district court's decision in regard to Mr. Schmidt's liability. As noted earlier, Mr. Schmidt was named, individually, as a party to the underlying commission dispute. Additionally, the record reflects that

19

Mr. Schmidt, appearing pro se, individually participated in the proceedings before the Arbitration Panel where he was introduced by the chairperson of the Arbitration Panel as "the [r]espondent." And further, Mr. Schmidt was listed as a respondent both on the Award issued by the Arbitration Panel and on the decision of the Review Tribunal. On this record, we see no basis upon which to hold that the court erred in determining that Mr. Schmidt, personally, aside from his capacity as the qualifying broker of Desert Sage, bore individual liability for the Award. *See Medina*, 1997-NMSC-027, ¶ 12 (stating that "[s]ubstantial evidence is that evidence which . . . a reasonable mind could accept as adequate to support a conclusion").

We turn now to Mr. Schmidt's argument that he was not personally liable for the faults of the corporation. Mr. Schmidt's argument misses the mark. The record does not support his view that the district court saddled Mr. Schmidt with personal liability for the acts or omissions of Desert Sage. To the contrary, evidentiary documents in the record, as set forth in the previous paragraph, support the inference that the Award was rendered not only against Desert Sage, but also against Mr. Schmidt as an individual respondent and party to the underlying commission dispute and as the qualifying broker of Desert Sage.

Mr. Schmidt's citation to *Stinson* is unpersuasive. In *Stinson*, this Court determined that the president and manager of a corporation, acting within the scope

of his corporate duties, could be held personally liable in tort for an injury to a third party. 1997-NMCA-076, ¶¶ 2, 16, 20. The *Stinson* Court recognized the general proposition that "shareholders, directors[,] and officers are not personally liable for the acts and obligations of the corporation" and "[c]orporate directors cannot be held vicariously liable for the corporation's torts merely by virtue of the office they hold." *Id.* ¶ 17. But the Court also recognized that "if an officer or director directs or actively participates in the commission of the tortious act of the corporation, he will be liable, along with the corporation." *Id.* "Thus, if the officer or director directed, controlled, approved[,] or ratified the activity that led to the injury, he or she can be held personally liable." *Id.*

We note that *Stinson* involved neither a real estate enterprise nor an arbitration award. Nevertheless, Mr. Schmidt relies on *Stinson* to support his theory that although, in Mr. Schmidt's words, the qualifying broker in a real estate office is "merely a hired-hand or sometimes an employee, just as is a corporate [a]ttorney" and even if the qualifying broker owned the business entity, "they would . . . not be personally liable for the faults of the corporation." Mr. Schmidt's characterization of a qualifying broker and his interpretation of *Stinson* are unsupportable.

Although Mr. Schmidt equates his position as qualifying broker for Desert Sage with that of a corporate attorney, a hired-hand, or an employee, he provides no

21

authority to support his assertion. Moreover, his characterization of the role of a qualifying broker is contravened by the Administrative Code, which provides that a real estate brokerage cannot engage in real estate business except under the license of a qualifying broker. 16.61.6.8 NMAC (11/30/2001) (amended 1/1/2012). Further, to the extent that Mr. Schmidt would have us rely upon *Stinson*, we note that because Mr. Schmidt was involved in the underlying transaction and the commission dispute, he "actively participate[d] in the [wrongful] act of the corporation" and as such, he may be held personally liable for that act. 1997-NMCA-076, ¶ 17. Under these circumstances, we see no basis on which to hold that the district court erred in confirming the Award against Mr. Schmidt, individually.

In sum, Mr. Schmidt provides no applicable authority, record support, or persuasive argument to show that the district court erred in affirming the Award against him individually and as the qualifying broker for Desert Sage. On the record before us, we conclude that substantial evidence supported the district court's confirmation of the Award against Mr. Schmidt individually and as qualifying broker of Desert Sage. Accordingly, this issue presents no basis for reversing the judgment of the district court.

**Mr. Schmidt's Argument Regarding Service of Process Upon Desert Sage**

Mr. Schmidt contends that the district court erred in assuming in personam

jurisdiction over, and awarding judgment against, a corporate entity—Desert Sage "that was not served with process, made no appearance, and was not represented either at the arbitration proceeding below or in the [d]istrict [c]ourt." In an apparent recognition of the applicability of the Act to this case, Mr. Schmidt cites to Section 44-7A-6(b) for the proposition that, in Mr. Schmidt's words, "[t]he entity must be served." *See id.* (stating that "notice of an initial motion to the court under the . . . Act must be served in the manner provided by law for the service of a summons in a civil action"). In Mr. Schmidt's view, because Desert Sage was not served with process, the district court lacked jurisdiction to enter a judgment against it. Because Desert Sage is not a party to this appeal, we decline to consider Mr. Schmidt's argument on its behalf. *Cf. Wright v. First Nat'l Bank in Albuquerque*, 1997-NMSC-026, ¶ 1, 123 N.M. 417, 941 P.2d 498 (declining to consider an argument pertaining to an entity that was not a party to the appeal).

**The District Court Was Not Required to Make Findings and Conclusions**

Relying on Rule 1-052(A) NMRA and case law applicable to that rule, Mr. Schmidt contends that the district court erred in failing to enter findings of fact and conclusions of law. Rule 1-052(A) and case law pertinent to the application of that rule is of no benefit to Mr. Schmidt. Rule 1-052(A) applies to non-jury trials in the district court; and it provides, in pertinent part, that "[i]n a case tried by the court

23

without a jury, or by the court with an advisory jury, the court shall enter findings of fact and conclusions of law[.]"

The matter of whether the real estate commission was owed, and to whom, and by whom it was owed, was resolved by the Arbitration Panel, and those questions were not at issue before the district court. *See Durham*, 2009-NMSC-007, ¶ 34 (stating that "the . . . Act does not allow a district court to review an arbitration award on the merits" and explaining that "collateral estoppel is applicable to issues decided in arbitration proceedings"). Mr. Schmidt does not demonstrate how Rule 1-052(A) has any bearing upon this case, in which there was no trial, and where the merits of the underlying dispute were resolved, not by the district court, but by the Arbitration Panel.

Further, Mr. Schmidt does not respond in his reply brief to Pargin's contention that the Act does not require a district court to enter findings of fact and conclusions of law. *See* § 44-7A-23 (stating that a party may make a motion to the court for an order confirming an arbitration award and that the district court shall issue an order confirming the arbitration award unless it is modified, corrected, or vacated pursuant to statute). Mr. Schmidt's failure to respond to Pargin's answer brief contention, combined with his failure to cite any on-point or applicable authority, leads us to reject his argument without further consideration of the issue. *See Valdez*, 2007-

NMCA-038, ¶ 24 (declining to consider an issue for which the appellant had failed to cite any on-point authority); *Bingham*, 1999-NMCA-029, ¶ 31 (concluding that the appellant had conceded an argument that was raised in the appellee's answer brief but not addressed in the appellant's reply brief).

**Attorney Fees**

Mr. Schmidt's final argument is that the district court erred in awarding Pargin attorney fees in an amount "four times the judgment amount." Mr. Schmidt argues that the district court's award of attorney fees in the amount of $11,563.36 was unreasonable, and in Mr. Schmidt's view, "[a]ny [a]ttorney[] fees awarded by the [d]istrict [c]ourt . . . are absurd." Additionally, Mr. Schmidt disclaims any responsibility for having "generated" litigation in this case.

As an initial matter, we note that Mr. Schmidt's argument misrepresents the amount of attorney fees. The record reflects that the sum of attorney fees awarded in this case was $8,143.36—not, as Mr. Schmidt represents, $11,563.36—which sum reflects the total judgment and includes the Award. Thus, rather than "four times" the amount of the judgment, the attorney fees amount to less than three times the amount of the Award.

Pargin contends that the district court's award of attorney fees was supported by the record. Specifically, Pargin cites to Mr. Schmidt's six motions filed in district

court, all of which were summarily denied by the district court, but to all of which Pargin was required to respond. Further, Pargin contends that it "had to compile and draft supporting [a]ffidavits and National Association of Realtors Rules and Regulations in response to each of the . . . motions[.]" And finally, Pargin points to Section 44-7A-26(b), which permits the district court to allow "reasonable costs of the motion [to confirm an arbitration award] and subsequent judicial proceedings." *See also* § 44-7A-26(c) (providing that the district court may add reasonable attorney fees incurred in a judicial proceeding to confirm an arbitration award).

Mr. Schmidt fails to cite any record support for his contention that the attorney fees were unreasonable. *See Romero*, 2011-NMCA-110, ¶ 8 ("[W]here a party fails to cite any portion of the record to support its factual allegations, we need not consider its argument on appeal."). On this record, we see no basis upon which to conclude that the district court abused its discretion by its award of attorney fees. *See Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist*., 2012-NMCA-091, ¶ 10, 287 P.3d 318 (stating that we review an award of attorney fees for an abuse of discretion). Accordingly, we affirm the district court's award of attorney fees.

**CONCLUSION**

We affirm the district court's judgment.

**IT IS SO ORDERED.**

26

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**