GUS BEVONA, Appellant, v SUPERVISED CLEANING & MAINTENANCE CO., Respondent.—Order, Supreme Court, New York County (Stanley Parness, J.), entered February 2, 1989, which, *inter alia,* granted respondent's motion to vacate a prior judgment of said court entered January 7, 1988 and remanded the matter to the arbitrator for a hearing de novo, unanimously affirmed, without costs.

In accordance with the collective bargaining agreement, petitioner obtained an arbitration award on behalf of a union member whose weekly work hours had been reduced by her employer without the prior written consent of petitioner as required by such agreement. After the court's initial confirmation, on default, of the $12,402.58 award to the union member for lost wages, it was learned that the member had failed to disclose to the arbitrator that she had been simultaneously employed by another employer during hours when she purportedly represented to the arbitrator that she worked only for respondent. Since the member's employment hours were a critical issue in the arbitration, respondent moved to vacate the previously entered judgment and arbitration award on the ground that such concealment adversely affected the net damages due.

Although discovery of new evidence is generally not a ground for vacatur of an arbitration award *(Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950; *Levine v Klein,* 70 AD2d 532), it was proper, under these circumstances, for the motion court to grant respondent's motion and vacate the award pursuant to CPLR 7511 (b) (1) (i), which cites the grounds of "corruption, fraud or misconduct in procuring the award". *(Matter of Science Dev. Corp. [Schonberger],* 156 AD2d 253; *Matter of Kalgren [Central Mut. Ins. Co.],* 68 AD2d 549.) As noted by the motion court, the evidence, if credited, "would probably have produced a different result at the arbitration hearing as to the net damages due." Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Rubin, JJ.