■ In the Matter of LIZANDRO LIMONGI, Respondent, v 137 EAST 36TH STREET et al., Appellants. [765 NYS2d 27] —Judgment, Supreme Court, New York County (Joan Madden, J.), entered on or about July 30, 2002, which granted petitioner employee's application to confirm an arbitration award reinstating him to his former position upon condition that he obtain certification from his union's health center that he is fully able to return to work without limitation or condition, and denied respondent employers' motion to vacate the award, and order, same court and Justice, entered November 25, 2002, which granted respondents' motion to reargue and adhered to the prior determination, unanimously affirmed, without costs.

Respondents fail to show that petitioner committed any fraud in connection with the condition stated in the award. The form letter allegedly filled out by petitioner's treating physician's receptionist rather than the physician himself, and therefore claimed to be fraudulent, is in all pertinent respects consistent with the physician's contemporaneous report indicating petitioner's ability to return to full duty (*cf. Bevona v Supervised Cleaning & Maintenance Co.*, 160 AD2d 605 [1990]). Nor

do respondents establish any impropriety by the union health center in relying on this letter to issue the requisite certification. Had respondents intended that the center perform an independent physical evaluation, it would have been a simple matter to have included such language in the stipulated agreement incorporated into the arbitrator's award. Respondents' remaining arguments are improperly raised for the first time on appeal, and we decline to consider them (*see Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Saxe and Williams, JJ.