■ In the Matter of Arbitration between Accessible Development Corp., Appellant, and Ocean House Center, Inc., Respondent. [772 NYS2d 263]—

Order and judgment (one paper), Supreme Court, New York County (Lottie Wilkins, J.), entered June 20, 2003, which denied the petition to confirm the award, granted respondent's application to vacate the award, and scheduled a rehearing of the proceeding before the same arbitrator, unanimously affirmed, with costs.

Prior to the commencement of this proceeding to arbitrate a dispute over payment for alterations to respondent's adult care facility, a grand jury indicted respondent's two principals for fraud, theft and falsification of business records. The grand jury heard testimony by petitioner's owner that he had participated in a scheme to divert construction mortgage funds intended for the renovation, to pay instead for renovations on the private home of one of respondent's principals. Although this information might have drastically altered the outcome of the arbitration, the record contains no information about the scheme or the grand jury action. Instead, the three principals testified before the arbitrator as if those events had never occurred.

Although discovery of new evidence is generally not a ground for vacating an arbitration award, these circumstances warranted a finding that the award herein was procured by corruption and fraud (CPLR 7511 [b] [1]) and that further proceedings are necessary (*Bevona v Supervised Cleaning & Maintenance Co.*, 160 AD2d 605 [1990]; *Matter of Science Dev. Corp. [Schonberger]*, 156 AD2d 253 [1989], *lv dismissed* 76 NY2d 845 [1990]). Concur—Mazzarelli, J.P., Williams, Friedman and Gonzalez, JJ.