█ EDGEWATER GROWTH CAPITAL PARTNERS, L.P., et al., Appellants, v GREENSTAR NORTH AMERICA HOLDINGS, INC., Respondent. [891 NYS2d 278]—

"In deciding an application to compel arbitration pursuant to CPLR 7503 (a), the court is required to first make a determination whether the parties have entered into a valid arbitration agreement and, if so, whether the issue sought to be submitted to arbitration falls within the scope of that agreement" (*Koob v IDS Fin. Servs.*, 213 AD2d 26, 30 [1995] [internal quotation marks and citations omitted]). Here, the motion court properly found that the unambiguous language of section 2.6 (d) of the purchase agreement constituted a broad arbitration clause and required arbitration if defendant "believe[d]" it was entitled to monies under the China damages claim because the supply agreement materially differed from the letter of intent or that the supply agreement was not entered into in a timely manner. The claims brought by defendant fit within the scope of the damages contemplated by section 2.6 (d) and thus, are enforceable. Furthermore, contrary to plaintiffs' contention, the existence of a general jurisdiction provision in the purchase agreement does not warrant a different determination (*see Isaacs v Westchester Wood Works*, 278 AD2d 184 [2000]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ.