■ In the Matter of SETH R. GREENKY et al., Appellants, v ROCHELLE S. AYTES, Respondent. [30 NYS3d 35]—

Judgment, Supreme Court, New York County (Joan M. Kenney, J.), entered April 23, 2014, in respondent's favor, unanimously affirmed, with costs.

Petitioners failed to meet their "heavy burden" of establishing by clear and convincing evidence the existence of any ground for vacating the arbitration award under CPLR 7511 (see Muriel Siebert & Co. v Ponmany, 190 AD2d 544, 544 [1st Dept 1993]).

As to petitioners' contention that the arbitrator exceeded his authority, the arbitrator "may be said to have done so only if [he] gave a completely irrational construction to the provisions in dispute" (see Transparent Value, L.L.C. v Johnson, 93 AD3d 599, 601 [1st Dept 2012] [internal quotation marks omitted]). It was not irrational for the arbitrator to find that the broad arbitration clause of the subject personal management agreement, which contained a carve-out for the "collection of any past due monies," pertained only to disputes that were delinquent but not genuinely disputed and that the determination of amounts owing could be determined by the arbitrator.

Nor was the arbitrator's determination in disregard of the law (see Sawtelle v Waddell & Reed, 304 AD2d 103, 108 [1st Dept 2003]) or so abusive of his discretion as to constitute misconduct. Petitioners were not denied a fair hearing because the arbitrator accepted respondent's position on commissions as expressed in her affidavit dated December 31, 2009, which was supported by the documentary evidence submitted in response to petitioner's extensive interrogatories (see Kaminsky v Segura, 26 AD3d 188 [1st Dept 2006]). There was no need for a deposition to determine respondent's credibility; the arbitrator had the opportunity to make that assessment at the arbitration hearing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.