■ VR Capital Group Ltd., Appellant, v Broadridge Financial Solutions, Inc., Respondent. [39 NYS3d 754]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 29, 2016, which granted defendant's motion to compel arbitration, unanimously affirmed, with costs.

The motion court correctly found that there was a valid agreement to arbitrate and that the issue sought to be submitted to arbitration fell within the scope of the agreement's broad

arbitration clause (*see Edgewater Growth Capital Partners, L.P. v Greenstar N. Am. Holdings, Inc.*, 69 AD3d 439, 439 [1st Dept 2010]). It is for the arbitrator, and not a Court, to determine whether the parties' agreement falls within the ambit of section 5-903 (2) of the General Obligations Law. Even if the agreement is subject to General Obligations Law § 5-903 (2), as plaintiff contends, such would not nullify the parties' agreement to arbitrate "all disputes arising out of or relating to th[e] [a]greement," including this one.

---

The decision and order of this Court entered herein on May 17, 2016 (139 AD3d 519 [2016]) is hereby recalled and vacated (*see* 2016 NY Slip Op 86917[U] [2016] [decided simultaneously herewith]). Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.