In the Matter of GEO-GROUP COMMUNICATIONS, INC., Respondent, v JAINA SYSTEMS NETWORK, INC., Appellant. [42 NYS3d 118]—

Appeal from order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered on or about December 8, 2014, which, insofar as appealed from as limited by the briefs, denied the motion of respondent Jaina Systems Network, Inc. (Jaina) to vacate an arbitrator's award, and granted the petition to confirm the award, deemed an appeal from judgment, same court and Justice, entered April 3, 2015, awarding petitioner the aggregate amount of $2,712,175.51, and so considered, the judgment is unanimously affirmed, with costs.

Although Jaina appealed from the order and not the ensuing judgment, we deem the notice of appeal from the order to be a valid notice of appeal from the judgment (*see* CPLR 5520 [c]; *Robertson v Greenstein*, 308 AD2d 381 [1st Dept 2003], *lv dismissed* 2 NY3d 759 [2004]).

The provisions of CPLR article 75, and not the Federal Arbitration Act, are applicable, because the parties' contract provided that the dispute would be governed by New York law, except with respect to arbitrability, which is not an issue here (*see Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154 [1995]).

The court properly upheld the arbitrator's award because Jaina failed to demonstrate any of the grounds for vacating the award set forth in CPLR 7511 (b). Judicial review of arbitra-

tion awards is extremely limited (*see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.]*, 15 NY3d 530, 534 [2010]), and "will not be overturned merely because the arbitrator committed an error of fact or of law" (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]). An arbitral award may only be overturned where it "violates a strong public policy, is irrational or . . . exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]).

Here, the arbitrator's reliance on an email in which Jaina's CEO acknowledged the debt did not violate New York's public policy, or CPLR 4547, which provides that documents reflecting settlement negotiations are inadmissible. No evidence was presented that at the time the initial email was sent the parties were engaged in settling a dispute. Indeed, in his affidavit, Jaina's CEO stated that he sent the email as a courtesy to petitioner to assist its CEO in connection with an external audit.

Although the award provided petitioner with options, it was definite and final because it resolved all of the disputes between the parties and provided a clear method for the computation of damages by referring to the parties' contract.

We have considered Jaina's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Richter, Manzanet-Daniels and Feinman, JJ.