<partyblock>

1552 Broadway Retail Owner LLC, Petitioner,

against

McDonald's Corporation, Respondent.

651884/2014

Stempel Bennett Claman & Hochberg, P.C., for petitioner.

Morrison Cohen LLP, for respondent.

Shirley Werner Kornreich, J.

Petitioner 1552 Broadway Retail Owner LLC (Landlord) moves, pursuant to CPLR 7511, to vacate a February 23, 2016 arbitration award (the Award). Respondent McDonald's Corporation (Tenant) opposes and cross-moves, pursuant to CPLR 7510, to confirm the Award.[FN1]

For the reasons that follow, Landlord's motion is denied and Tenant's cross-motion is granted.

I. Background & Relevant Procedural History
The facts pertinent to the instant motions are undisputed.

This case concerns a dispute between Landlord and Tenant over a valuation formula used to compute rent under a July 29, 1983 commercial lease, as amended on October 28, 1998, for property located at 1560 Broadway in Manhattan, where Tenant operates a McDonald's restaurant. See Dkt. 84 (the Lease); Dkt. 85 (the 1998 Amendment).[FN2]

Specifically, the parties dispute the fair market value (FMV) amount under section 4(b)(i) of the 1998 Amendment, which provides that, as applicable here, the Fixed Rent owed by Tenant for the period June 1, 2014 to May 31, 2019 is:

Ninety Percent (90%) of the fair market rent (the "FMV") for the demised premises determined as of the date occurring six (6) months prior to June 1, 2014 [the [*2]"Determination Date"] and which determination shall be made within a reasonable period of time after the occurrence of the Determination Date pursuant to the provisions of subsection (e) hereof. The FMV shall be determined on the basis of the highest and best use of the demised premises and considering all relevant factors.

See Dkt. 85 at 4-5 (underline in original; bold added for emphasis). Section 4(e) provides that if the parties cannot agree on the FMV, the issue must be resolved in binding arbitration. See id. at 5. Various subsections in section 4 address how the arbitrators are to be selected and how the arbitration is to be conducted. See id. at 5-6. Simply put, there were to be three arbitrators, one selected by each party and, as applicable here, the third was selected by the American Arbitration Association. See id.

On June 19, 2014, Landlord filed the instant special proceeding by filing a petition and a motion seeking to disqualify Tenant's proposed party-designated arbitrator. See Dkt. 1. The court granted the motion by order dated June 27, 2014. See Dkt. 27; Dkt 28. (6/27/14 Tr.). On October 6, 2014, Tenant commenced a separate plenary action against Landlord by filing a complaint seeking a declaratory judgment regarding the parties' competing interpretations of section 4(b)(i) of the 1998 Amendment. See McDonalds's Corp. v 1552 Broadway Retail Owner LLC, Index No. 653045/2014. The parties each moved for summary judgment on the merits and on whether the issues raised by Tenant could be decided by the court or were arbitrable. Tenant took the position that an arbitration over FMV was impracticable without the court first deciding certain issues. Tenant argued:

If the valuation process is allowed to move forward without the Court declaring the factors that must be considered in valuing the demised premises, the entire process necessarily will be fatally flawed because the written valuations of the two party-appointed arbitrators will proceed from a fundamentally divergent assumption and, therefore, the third, neutral arbitrator will be forced to choose between the parties' competing interpretations of what the Lease requires, a determination that is within the exclusive jurisdiction of this Court. If the Court fails to make the requested declaration at this stage, any subsequent arbitration proceedings would be subject to judicial vacatur by the Court.

See Dkt. 71 at 15 (emphasis added). According to Tenant, the critical issue was whether the "highest and best use of the demised premises" meant use as a McDonalds's restaurant, as opposed to any possible use. Landlord (and, initially, the court) averred that such issue was for the arbitrators to decide.  

At the January 16, 2015 oral argument, Tenant's counsel [FN3]

repeatedly protested that arbitration would be impracticable if the parties' competing FMV valuations were premised on different concepts of value. See, e.g., Dkt. 69 (1/16/15 Tr. at 15) ("the determination of the meaning of this contract provision is beyond the scope of what the arbitrators may decide. The only thing we said the arbitrators may decide   [is] the [FMV] of the demised premises."); see also id. at 32 (same). By extensively arguing the merits and contending the issue was not [*3]arbitrable, Tenant waived its right to arbitration.[FN4]

Indeed, in the end, the court accepted Tenant's arguments that a threshold ruling on the "highest and best use" was necessary for arbitration and reached the merits. Thus, at Tenant's insistence, the court made a ruling on the issue, taking it out of the purview of the arbitration.

The court, however, ruled in Landlord's favor on the parties' disputes over the meaning of the FMV provision, holding that "highest and best use of the demised premises" meant any possible use, and not, as Tenant averred, only as a McDonalds's restaurant. The court explained:

[F]or me to interpret this lease the way [Tenant] wants me to interpret it, it would make the valuation clause of 4(b)(1) absolutely meaningless. And construction of contracts in this state require that the contracts have to be read as a whole and nothing is to be meaningless. I think the phrase is absolutely clear. We are talking about a specific phrase here, and it [says] that the [FMV] shall be determined on the basis of the highest and best use of the demised premises. It's clear from [Tenant's] own letters that the demised premises includes the outside walls.   And in terms of the highest and best use, it's a phrase, apparently, used all the time in the real estate industry. The arbitrators are the ones who would understand it. To interpret this to say that they have to determine FMV only as it could be used by [a] McDonalds's restaurant would be wiping out this entire clause. And the Court cannot interpret it in that way.

I believe that at this point it is up to the arbitrators to figure out the basis of the highest and best use of the demised premises. And, frankly, if they decide that it   has to be used only as a restaurant, that might be one thing. But to argue only as a McDonald's restaurant, I believe that cannot be read in that way, it just cannot be. And I believe that this case should go to arbitration. And it is up to arbitrators, who are all real estate people, experienced, ten years experience in the real estate industry to determine what the FMV should be.

See Dkt. 69 (1/16/15 Tr. at 40-41) (emphasis added). In other words, the court ruled that the arbitrators could not limit their FMV analysis to the premises' use as a McDonalds's restaurant without first determining if there were other more valuable uses. Once the highest and best use was determined, the arbitrators then had to decide the FMV of that use.  

Tenant did not move to reargue or appeal the court's ruling. Nonetheless, Tenant then proceeded as if the court made no such ruling. Despite insisting that the court was required to [*4]rule on what it considered a threshold issue, Tenant relitigated this issue before the arbitrators, going so far as to retain a former Court of Appeals judge as a legal expert to tell the arbitrators they need not (and should not) follow this court's ruling. The cross-motions now before the court concern whether, in doing so
Tenant committed misconduct sufficient to vacate the Award.

Landlord complains that it was improper for Tenant to press its interpretation of the "highest and best use" clause in the arbitration and that it was extremely improper for Tenant to argue to the arbitrators that they are not bound by this court's rulings. In doing so, Landlord claims that Tenant mispresented this court's ruling, for instance, by misleadingly quoting from an earlier portion of the oral argument transcript where the court suggested that, contrary to Tenant's position, the issue was for the arbitrators to decide. See Dkt. 72 at 8-9, quoting Dkt. 69 (1/16/15 Tr. at 23). Landlord avers that Tenant should have been more candid about its waiver of its right to arbitration by litigating the merits and this court's adverse rulings. Moreover, by pressing the issue in the arbitration, Tenant did the very thing it told this court would result in a "fatally flawed" arbitration.

Most egregiously, in this court's view, was Tenant's submission of an "Expert Statement" by the Hon. Joseph W. Bellacosa, a judge on the New York State Court of Appeals from 1987 to 2000. See Dkt. 70. His experience and status were emphasized to the arbitrators. He opined that this court's ruling on the "highest and best use" clause was mere dicta and should not be followed by the arbitrators, and, therefore, was of "no legal consequence" in the arbitration. See id. at 8-9. He falsely claimed that this court "deferred interpretation of the Lease to [the arbitrators]" and, therefore, this court's ruling "must be disregarded entirely." See id. at 9-10. He also erroneously claimed that this court's ruling was not appealable. Compare id. at 10, with VR Capital Group Ltd. v Broadridge Fin. Solutions, Inc., 139 AD3d 519 (1st Dept 2016) (appeal of ruling on scope of arbitration clause); Edgewater Growth Capital Partners, L.P. v Greenstar N. Am. Holdings, Inc., 69 AD3d 439 (1st Dept 2010) (same). He then suggested that since the arbitrators might find it difficult to ignore this court's rulings, it was appropriate for him to opine on the merits. See id. at 11-12. He then opined in contravention of this court's unappealed determination. Of course, he was not counsel to Tenant, merely a legal "expert", that is, someone whose interpretation of the law should be given great weight given his status as a former Court of Appeals judge. The court will not further comment on his clearly erroneous legal arguments, such as his contrary interpretation of the subject contract provisions, because the court has already ruled on this issue. Tenant chose not to appeal, and questioning such ruling was beyond the scope of the arbitrators' jurisdiction.[FN5]

At this juncture, the issue for the court is not the merits (or lack thereof) of his arguments. Rather, the question is whether what occurred at the arbitration amounted to misconduct and whether such misconduct justifies vacating the Award.

The Award was issued on February 23, 2016. See Dkt. 68. It begins by quoting the FMV provision at issue. See id. at 2. The Award then provides:

The parties have engaged in protracted litigation to secure judicial guidance with respect to certain matter to be resolved in conjunction with the Panel's determination of Fixed Rent for the Extension Term   The courts have, largely, refused to intervene, leaving to the Panel the responsibility for rendering decision based upon the terms of the Lease.

See id. at 3 (emphasis added).
The Award then sets forth its findings:

In determining FMV for the Demised Premises, the Panel considered the three elements of the Building that the parties addressed: the first floor, the second floor and signage that may be affixed to the exterior of the Building. Based upon out review of the evidence, we find that the FMV of the Demised Premises is [$5,354,893].

See id. The Award then states that, per section 4(b)(i) of the 1998 Amendment, the Fixed Rent should be $4,819,404 (90% of the FMV). See id. Finally, the Award addresses interest and expenses (which the parties do not contest). See id.  

Landlord filed the instant motion to vacate the Award on May 19, 2016. On June 17, 2016, Tenant opposed and cross-moved to confirm the Award. The court reserved on the motion and cross-motion after oral argument. See Dkt. 102 (9/15/16 Tr.).

II. Discussion
"It is a bedrock principle of arbitration law that the scope of judicial review of an arbitration proceeding is extremely limited." Frankel v Sardis, 76 AD3d 136, 139 (1st Dept 2010). CPLR 7510 states that a "court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in [CPLR] 7511." CPLR 7511(b)(1) provides that an arbitration award:

shall be vacated   if the court finds that the rights of [a party who participated in the arbitration] were prejudiced by: (i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.

(emphasis added). These are the only grounds to vacate an arbitration award. Sweeney v Herman Mgmt., Inc., 85 AD2d 34, 38 (1st Dept 1982) ("The statutory grounds are exclusive"); see Silverman v Benmor Coats, Inc., 61 NY2d 299, 307 (1984) ("The only basis upon which an award can be vacated at the behest of a party who participated in the arbitration   is that the rights of that party were prejudiced by corruption, fraud or misconduct in procuring the award, partiality of an arbitrator, that the arbitrator exceeded his power or failed to make a final and definite award, or a procedural failure that was not waived").  

To wit, "[e]ven where an arbitrator has made an error of law or fact, courts generally may not disturb the arbitrator's decision." In re Falzone, 15 NY3d 530, 534 (2010), citing New York City Transit Auth. v Transp. Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 (2005) ("This is true even if the arbitrator misapplied the substantive law in the area of the [*5]contract"); see also Hackett v Milbank, Tweed, Hadley & McCloy, 86 NY2d 146, 155 (1995) (arbitration award may only be vacated upon ground set forth in CPLR 7511, "[e]ven where the arbitrator makes a mistake of fact or law, or disregards the plain words of the parties' agreement, the award is not subject to vacatur unless the court concludes that it is totally irrational or violative of a strong public policy and thus in excess of the arbitrator's powers") (citations and quotation marks omitted). Consequently, "[a] court 'cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its [ruling] would be the better one.'" Campbell v New York City Transit Auth., 32 AD3d 350, 351 (1st Dept 2006), quoting New York State Corr. Officers & Police Benev. Ass'n, Inc. v State, 94 NY2d 321, 326 (1999).[FN6]

It is well settled that the party moving to vacate an arbitration award bears a "'heavy burden' of establishing by clear and convincing evidence the existence of any ground for vacating the arbitration award under CPLR 7511." Greenky v Aytes, 138 AD3d 460 (1st Dept 2016) (emphasis added), citing Muriel Siebert & Co. v Ponmany, 190 AD2d 544 (1st Dept 1993); In re Namdar, 161 AD2d 348, 349 (1st Dept 1990) ("the burden of proof is on the party alleging the misconduct and such misconduct must be proven 'clearly and convincingly.'"); see David v Byron, 130 AD3d 772, 774 (2d Dept 2015) (same). Vacatur is justified on the ground of misconduct if, but for the misconduct, the arbitrators "would probably have produced a different result." Bevona v Supervised Cleaning & Maint., Co., 160 AD2d 605, 606 (1st Dept 1990).

Landlord's sole argument in support of vacating the Award is misconduct on the part of Tenant and its counsel, not misconduct by the arbitrators. Nor does Landlord proffer any other ground for vacating the Award, such as the arbitrators exceeding the scope of their power by ruling on the meaning of FMV after this court had already done so. The court, therefore, confines its analysis to whether Landlord has established by clear and convincing evidence that the alleged misconduct by Tenant and its counsel prejudiced Landlord's rights in the arbitration.[FN7]

The court assumes that misconduct sufficient for vacatur has been demonstrated. While neither party cites a case involving analogues misconduct on the part of a party,[FN8]

the court need not substantively address whether, as a matter of law, Tenant's behavior amounts to misconduct under CPLR 7511(b)(1)(i).[FN9]

Such a ruling is unnecessary because the court finds that Landlord failed to demonstrate by clear and convincing evidence that the alleged misconduct affected the arbitrators' Award.

It is entirely unclear which party's understanding of FMV was accepted by the arbitrators. The Award is silent on this issue. Nonetheless, Landlord places great weight on the Award's statement that "[t]he courts have, largely, refused to intervene," suggesting that the only reasonable inference that can be gleaned from the word "largely" is that the arbitrators failed to follow this court's "highest and best use" ruling. Landlord argues that since such ruling was the most hotly contested issue, the Award's suggestion that this court "largely" abstained from ruling on the parties' disputes is proof that the arbitrators did not believe this court actually issued a binding ruling that they had to follow.

The court disagrees. At best, this statement is ambiguous. When read in the context of the terse award, which otherwise does not explain its reasoning (an issue neither party protests), such statement can reasonably be read as providing basic context for the Award, such as the brief [*6]description of the subject contractual provision that immediately precedes it. While Landlord's gloss on the word "largely" is not unreasonable, pointing to such an ambiguity falls well short of meeting its clear and convincing burden of proof. At most, Landlord has raised a question of fact, which is insufficient to vacate an arbitration award.[FN10]

For these reasons, the Award is confirmed. Hence, the court will not reach the issue of whether Landlord waived it right to move to vacate on the ground of misconduct due to its failure to seek injunctive relief from this court once Tenant pressed the very arguments regarding this court's rulings Landlord now protests,[FN11]

or whether such objections were properly preserved within the arbitration. Accordingly, it is

ORDERED that the motion by petitioner 1552 Broadway Retail Owner LLC to vacate the February 23, 2016 arbitration award (AAA Case No.: 01-15-00028306) (Dkt. 68) (the Award) is denied, the cross-motion by respondent McDonald's Corporation to confirm the Award is granted, and the Award is hereby confirmed; and it is further

ORDERED that, within 7 days of entry of this order on the NYSCEF system, respondent shall submit a proposed declaratory judgment regarding the Fixed Rent owed for the period June 1, 2014 to May 31, 2019 and interest in accordance with the Award by e-filing and faxing a copy to Chambers, and petitioner may e-file and fax a counter-proposed judgment within 7 days thereafter along with a redline of respondent's proposal; and it is further

ORDERED that a telephone conference will be held on January 30, 2017 at 3:30 pm to resolve any disputes over the proposed judgments, before which the parties must meet and confer to attempt to resolve their disputes.

Dated: January 9, 2017

ENTER:

J.S.C.

Footnotes

Footnote 1:On the New York State Courts Electronic Filing system (NYSCEF), the instant motion and cross-motion are designated as motion sequence number 003. However, for reasons that are unclear, the documents filed in connection with these motions on NYSCEF have been designated as relating to motion sequence number 005 (no such motion exists; this is only the third motion in this action).<para level="1">

Footnote 2:References to "Dkt." followed by a number refer to documents filed in this action on NYSCEF.

Footnote 3:Tenant has since retained new counsel, which is legally irrelevant.<para level="1">

Footnote 4:The question of whether a party waived its right to arbitration is a question for the court, not the arbitrators. See Skyline Steel, LLC v PilePro LLC, 139 AD3d 646, 647 (1st Dept 2016). "Once waived, the right to arbitrate cannot be regained." Tengtu Int'l Corp. v Cheung, 24 AD3d 170, 172 (1st Dept 2005). In a similar case involing a "highest and best use" dispute, the Court of Appeals noted the court property ruled on an otherwise arbitrable issue "[b]ecause the parties submitted the dispute over the legal meaning of the term 'land' to the court", notwithstanding the face that "that the lease contemplates arbitration when the parties fail to agree on the appraised value of the land as a matter of fact or of value." See NY Overnight Partners, L.P. v Gordon, 88 NY2d 716, 719 n.2 (1996) (empahis added; citations and quotation marks omitted).<para level="1">

Footnote 5:Even if the court's interpretation is incorrect, Tenant had no right to relitigate the issue in arbitration, and certainly not with the imprimatur of a former Court of Appeals judge. Again, Tenant could have moved for reargument or appealed. Tenant did neither.<para level="1">

Footnote 6:CPLR 7511(d) further provides that, "[u]pon vacating an award, the court may order a rehearing and determination of all or any of the issues either before the same arbitrator or before a new arbitrator." Finally, CPLR 7511(e) provides that "[u]pon the granting of a motion to modify, the court shall confirm the award as modified; upon the denial of a motion to vacate or modify, it shall confirm the award."

Footnote 7:At oral argument, the court suggested that the arbitrators exceeding the scope of their authority was a possible issue in this case. Misconduct [CPLR 7511(b)(1)(i)] and scope [CPLR 7511(b)(1)(iii)], however, are separate and distinct statutory grounds for vacating an arbitration award. Landlord's motion is predicated exclusively on misconduct, and not on scope. Landlord's counsel is extremely competent and his papers are exemplary. Had he thought there were grounds to vacate on the basis of scope, and if he sought to make such an argument, he would have clearly done so in his briefs. Indeed, it is apparent from his moving brief that scope is not a basis for his motion. While Landlord's counsel does, indeed, state that "the Panel should have followed this Court's 1/16/2015 ruling" [see Dkt. 80 at 22 (underline original)], he does not argue that the arbitrators actually failed to do so. Indeed, Landlord's counsel writes: "Whether or not the Panel's blatantly-mistaken conclusion would, on its own, constitute a

<para level="1">basis for vacatur  , Tenant should not be allowed to avoid responsibility for its own misconduct in inducing the Award's fundamental defect." See id. at 23 (underline original). It is clear, therefore, that Tenant is only actually arguing misconduct, not scope, and that the import of the scope issue is limited to serving as one of the allegedly prejudicial results of Tenant's misconduct (i.e., that the arbitrators committing a scope violation was induced by Tenant's misconduct). The other allegedly prejudicial result of Tenant's misconduct was that, as a result of Tenant's misconduct, the arbitration did not constitute a "fair process [] the parties bargained for." See id. As discussed herein, the court finds that the arbitrators' ability to understand this court's rulings precludes a finding that the arbitration supposedly being "unfair" prejudiced Landlord's rights.<para level="2">

Footnote 8:The cases cited by Landlord either involve arbitrator misconduct [see, e.g., Grynberg v BP Expl. Operating Co., 127 AD3d 553, 554 (1st Dept 2015) (arbitrator failed to follow court ruling)] or a party's failure to appraise the arbitrator of a critical fact [see Matter of Science Dev. Corp., 156 AD2d 253, 254 (1st Dept 1989), citing Kalgren v Cent. Mut. Ins. Co., 68 AD2d 549, 553 (1st Dept 1979)]. No case involving making an improper or legally erroneous argument is cited. To the extent Landlord suggests that the arbitrators may have been misled by Tenant about this court's rulings, the court finds no support for that suggestion in the record. Indeed, two of the arbitrators, including the neutral, are attorneys. They appear to have read the January 16, 2015 transcript and are capable of properly interpreting it. Thus, cases such as Accessible Dev. Corp. v Ocean House Ctr., Inc., 4 AD3d 217 (1st Dept 2004) (arbitrator not informed of critical facts) are inapposite since, here, there is no question the arbitrators were aware of this court's transcript. It also should be noted that Landlord's reliance on Sweeney, 85 AD2d 34, is misplaced because that case was decided based on the arbitrator's decision being irrational, not on the ground of misconduct. See id. at 38.

Footnote 9:The court, to be sure, finds the behavior of Tenant's counsel and expert reprehensible, especially in light of Tenant's previous protestations that the parties having different understandings of FMV would cause the arbitration to be "fatally flawed."

Footnote 10:Landlord also invites the court the reverse engineer the amount awarded, suggesting that the FMV found by the arbitrators was closer to Tenant's proposed amount and, therefore, the arbitrators must have relied on Tenant's concept of "highest and best use". The court has no basis to come to such a conclusion. As Tenant persuasively argues, the arbitrators could have used Landlord's notion of "highest and best use", but differed with respect to how such use should be valued. The court, of course, cannot second guess that valuation. The specific amount awarded, on its own, does not clearly and convincingly establish that the arbitrators were valuing the premises only as a McDonald's restaurant without regard to other possibly more valuable uses.<para level="1">

Footnote 11:Nor will the court opine on whether any such request for injunctive relief would have been granted. See Peckerman v D & D Assocs., 165 AD2d 289, 295 (1st Dept 1991).

<form method="LINK" action="../../slipidx/com_div_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</para></para></para></para></para></para></para></partyblock>