Intrepid Invs., LLC v Selling Source, LLC (2018 NY Slip Op 01648)





Intrepid Invs., LLC v Selling Source, LLC


2018 NY Slip Op 01648


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Acosta, P.J., Richter, Kapnick, Kahn, Gesmer, JJ.


654309/13 -650705/14 -6001 6000 5999 5998

[*1]Intrepid Investments, LLC, Plaintiff-Appellant, NA Technology Support, LLC, Plaintiff,
v
Selling Source, LLC, Defendant-Respondent, Clickgen, LLC, et al., Defendants.
In re Intrepid Investments, LLC, Petitioner-Appellant,
v
Selling Source, LLC, Respondent-Respondent.


McCarter & English, LLP, New York (Frank E. Ferruggia of counsel), for appellant.
Susman Godfrey L.L.P., New York (Edgar G. Sargent of the bar of the State of Washington, admitted pro hac vice, of counsel), for respondent.



Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered April 13, 2015, in favor of defendant/respondent Selling Source, LLC, against plaintiff/petitioner Intrepid Investments, LLC, and awarding Selling Source arbitrators' fees and expenses, unanimously affirmed, with costs. Order, same court and Justice, entered September 10, 2015, which granted Selling Source's motion for partial summary judgment dismissing the first and second causes of action to the extent they were based on certain disputed issues raised in the arbitration, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered February 19, 2015 and April 13, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Intrepid failed to carry its heavy burden of establishing by clear and convincing evidence a ground for vacating the arbitration award (CPLR 7511[b]; see Matter of Greenky v Aytes, 138 AD3d 460 [1st Dept 2016]). It did not establish that the arbitrator's decision was irrational or exceeded a specifically enumerated limitation on his powers (see Matter of Geo-Group Communications, Inc. v Jaina Sys. Network, Inc., 144 AD3d 598 [1st Dept 2016]).
The parties agreed, in their Transaction and Purchase Agreement, to arbitrate disputes relating to the calculation of certain contingent values ("CVC"). Contrary to Intrepid's contention, the record demonstrates that the arbitrator disposed of all disputed items submitted by Intrepid, including the 14 items it claims were not resolved. These 14 items all relate to the CVC and were submitted to the arbitrator, and, in his July 17, 2004 letter clarifying the November 25, 2013 award in response to the parties' questions, the arbitrator confirmed that he had decided all [*2]of them on the merits.
We reject Intrepid's contention that arbitration is not its exclusive remedy with respect to CVC-related claims. The Transaction and Purchase Agreement provides for no other remedy (see Timberline Dev. v Kronman, 263 AD2d 175, 180 [1st Dept 2000]).
The court correctly dismissed the claim for breach of the implied covenant of good faith and fair dealing on the basis of the Delaware forum selection clause in Selling Source's operating agreement (see generally Boss v American Express Fin. Advisors, Inc., 6 NY3d 242, 247 [2006]). In the complaint, Intrepid alleged that certain disputed issues were based on violations of the operating agreement.
Intrepid's contention that the working capital shortfall payment must be passed through to the acquired businesses is not supported by the plain language of sections 6.7 and 2.5(b)(ii) of the Transaction and Purchase Agreement (see generally Beardslee v Inflection Energy, LLC, 25 NY3d 150, 157 [2015]).
The court properly awarded Selling Source arbitrators' fees and expenses in accordance with the award, pursuant to CPLR 7513 and 7514 and the terms of the Transaction and Purchase Agreement. The court was not required to consider all the claims for payment between the parties, because Intrepid did not establish that all the claims were "inseparable from or are inextricably intertwined with" the arbitrators' fees and expenses (see City of New York v Zuckerman, 234 AD2d 160, 161 [1st Dept 1996], lv dismissed 90 NY2d 845 [1997]).
We have considered Intrepid's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK