Policy Admin. Solutions, Inc. v QBE Holdings, Inc. (2018 NY Slip Op 02878)





Policy Admin. Solutions, Inc. v QBE Holdings, Inc.


2018 NY Slip Op 02878


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


652273/14 6346N

[*1] Policy Administration Solutions, Inc., Plaintiff-Respondent,
v
QBE Holdings, Inc., et al., Defendants-Appellants.


Von Briesen & Roper, S.C., Milwaukee, WI (Jason R. Fathallah of the bar of the State of Wisconsin and the State of Michigan, admitted pro hac vice, of counsel), for appellants.
Butler Fitzgerald Fiveson & McCarthy, New York (David K Fiveson and Claudia G. Jaffe of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 31, 2016, which, to the extent appealed from as limited by this briefs, denied defendants' motion to confirm an arbitration award, granted plaintiff's motion to vacate the award, and remanded the matter for further proceedings, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 29, 2017, which granted plaintiff's motion to vacate or, in the alternative, modify the award, to the extent of vacating the part of the prior order that remanded the matter to Peter Brown and instead remanding to the American Arbitration Association (AAA) to determine under its rules who shall preside over the matter upon remand, unanimously affirmed, without costs.
Defendants' failure to disclose to the arbitrator that one of their testifying fact witnesses who was known to be under criminal indictment had agreed to plead guilty to charges in the indictment days before he testified at the arbitration hearing warranted a finding that the arbitration award was procured by misconduct (CPLR 7511[b][1][i]) and that further proceedings before the arbitrator are necessary (see Matter of Accessible Dev. Corp. [Ocean House Ctr.], 4 AD3d 217 [1st Dept 2004]; Matter of Kalgren [Cent. Mut. Ins. Co.], 68 AD2d 549, 552-553 [1st Dept 1979]).
Supreme Court providently exercised its discretion to remit to the AAA to determine who shall preside over the matter upon remand (see East Ramapo Cent. School Dist. v East Ramapo Teachers Assn., 108 AD2d 717 [2d Dept 1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK