Matter of GEICO v National Ind. Truckers (2020 NY Slip Op 01163)





Matter of GEICO v National Ind. Truckers


2020 NY Slip Op 01163


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-03727
2020-00912
 (Index No. 500741/17)

[*1]In the Matter of GEICO, respondent, 
v
National Independent Truckers, appellant.


Ginsberg, Becker & Weaver, LLP, New York, NY (Robert D. Becker of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated June 1, 2017, National Independent Truckers appeals from an order of the Supreme Court, Putnam County (James T. Rooney, J.), dated February 22, 2018. The order granted the petition to vacate the award and denied National Independent Truckers' cross petition to change venue. The appeal brings up for review so much of an order of the same court dated September 14, 2018, as denied that branch of National Independent Truckers' motion which was for leave to renew its cross petition and its opposition to the petition (see CPLR 5517[b]).
ORDERED that the order dated February 22, 2018, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated September 14, 2018, is affirmed insofar as reviewed, without costs or disbursements.
On October 19, 2012, a vehicle insured by the petitioner, GEICO, and operated by Edward Murphy, and a vehicle insured by National Independent Truckers (hereinafter NIT) were involved in a motor vehicle accident. Murphy commenced a personal injury action against the operator and owner of the vehicle insured by NIT. GEICO separately commenced a subrogation action against the operator and owner of the vehicle insured by NIT to recover for the property damage to Murphy's vehicle (hereinafter the property damage action). GEICO also filed, pursuant to Insurance Law § 5105, a demand for mandatory inter-company arbitration against NIT, seeking reimbursement of no fault payments it had paid on behalf of Murphy.
After a trial in the property damage action, the jury rendered a verdict finding that the operator of the vehicle insured by NIT was not negligent. GEICO thereafter moved pursuant to CPLR 4404(a) to set aside the jury verdict. During court conferences, the Supreme Court advised the parties that it planned to grant GEICO's motion.
While GEICO's motion to set aside the jury verdict remained pending before the Supreme Court, the arbitration between GEICO and NIT proceeded to a hearing. NIT argued, among other things, that GEICO was not entitled to be reimbursed since NIT's insured had obtained a defense verdict in the property damage action. The arbitrator issued an award in favor of NIT, [*2]determining that the jury verdict finding that NIT's insured was not negligent in the property damage action was "res judicata for this forum." It is undisputed that the arbitrator was not made aware of GEICO's pending motion to set aside the verdict or the court's attempts to facilitate a resolution between the parties given its opinion regarding the strength of GEICO's motion.
After the arbitrator issued her award, the Supreme Court granted GEICO's motion to set aside the jury verdict. GEICO thereafter filed a petition pursuant to CPLR 7511(b)(1)(i) to vacate the arbitration award on the basis that it was procured by misconduct or fraud. NIT opposed the petition and filed a cross petition to change venue from the Supreme Court, Putnam County, to the Supreme Court, New York County. The Supreme Court granted the petition and denied the cross petition. NIT appeals. The appeal brings up for review so much of an order of the same court dated September 14, 2018, as denied that branch of NIT's motion which was for leave to renew its cross petition and its opposition to GEICO's petition (see CPLR 5517[b]).
A court may vacate an arbitration award pursuant to CPLR 7511(b)(1)(i) if the court finds that the rights of the moving party were prejudiced by corruption, fraud, or misconduct in procuring the award. Although a party and its counsel's "lack of candor" in disclosing information material to the arbitration "may fall short of outright fraud, it does constitute the type of misconduct that warrants further proceedings before the arbitrator" (Matter of Kalgren [Cent. Mut. Ins. Co.] , 68 AD2d 549, 553; see Bevona v Supervised Cleaning & Maintenance Co. , 160 AD2d 605, 606; Matter of Science Dev. Corp. [Schonberger] , 156 AD2d 253, 254).
Here, GEICO demonstrated that the arbitrator was not informed of the status of the property damage action, including the pending motion to vacate the jury verdict and the Supreme Court's attempts to resolve the matter based on its opinion regarding the strength of the motion. It is undisputed that NIT failed to disclose this material information to the arbitrator, despite the fact that it relied upon the jury verdict in the property damage action to support its position at the arbitration. Accordingly, we agree with the court's determination to vacate the arbitration award as the record established that, had this information been disclosed to the arbitrator, it is likely that she would have reached a different result.
Pursuant to CPLR 7502(a)(i), a special proceeding to vacate an arbitration award shall be brought "in the county where at least one of the parties resides or is doing business or where the arbitration was held or is pending." NIT argues that New York County, the location of the arbitration hearing, is the proper venue for the instant proceeding because GEICO does not have an office in Putnam County, and NIT does not have any offices in the State of New York. As NIT did not present any evidence in support of its contention that venue was improper, i.e., that GEICO was not "doing business" in Putnam County, we agree with the Supreme Court's determination denying NIT's cross petition to change the venue to New York County.
We further agree with the Supreme Court's determination to deny that branch of NIT's motion which was for leave to renew its cross petition and its opposition to GEICO's petition (see CPLR 2221[e]). NIT did not meet its burden of providing new facts or demonstrating a change in the law that would alter the court's decision to grant the petition and deny NIT's cross petition to change venue.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court