Matter of Gibson, Dunn & Crutcher LLP v World Class Capital Group, LLC (2021 NY Slip Op 03252)





Matter of Gibson, Dunn & Crutcher LLP v World Class Capital Group, LLC


2021 NY Slip Op 03252


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Index No. 650318/20 Appeal No. 13875-13876 Case No. 2021-00104 2020-04806 

[*1]In the Matter of Gibson, Dunn & Crutcher LLP, Petitioner-Respondent,
v
World Class Capital Group, LLC, et al., Respondents-Appellants.
In the Matter of Gibson, Dunn & Crutcher LLP, Petitioner-Appellant,
v
World Class Capital Group, LLC, et al., Respondents-Respondents.


MCShapiro Law Group PC, Great Neck (Mitchell C. Shapiro of counsel), for appellants/respondents.
Gibson, Dunn & Crutcher LLP, New York (Mitchell A. Karlan of counsel), for respondent/appellant.



Order, Supreme Court, New York County (Andrea Masley, J.), entered June 10, 2020, which granted petitioner's motion to confirm an arbitration award against respondents, denied respondents' cross motion to dismiss the proceeding or, in the alternative, to vacate or modify the arbitration award, and granted petitioner's request for pre- and post-judgment interest (First Order), unanimously affirmed, with costs.
Order, same court and Justice, entered November 20, 2020, which denied petitioner's motions seeking enforcement of the court's judgment on the basis that petitioner was required to commence a new special proceeding (Second Order), unanimously reversed, on the law, with costs and the matter remanded to Supreme Court to decide the underlying motions.
In the First Order, the court correctly found that the petition was properly served. Respondents' corporate counsel accepted service of the petition in writing in exchange for an extended deadline to respond. In doing so, respondents' counsel waived any defect in service (see Matter of Hickson v Wallace, 270 AD2d 168, 168 [1st Dept 2000]). The court also properly determined that petitioner had served respondents in accordance with Limited Liability Company Law § 304.
Respondents' arguments attacking the substance of the arbitrator's decision also fail. An arbitral award will be overturned only in the "extremely limited" instances where it "violates a strong public policy, is irrational, or exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Geo-Group Communications, Inc. v Jaina Sys. Network, Inc., 144 AD3d 598, 599 [1st Dept 2016] [internal quotation marks and ellipsis omitted]). The law and public policy upon which respondents rely is the requirement that an attorney provide a client with a written letter of engagement (22 NYCRR 1215.1), with their main argument being that an attorney's claim for breach of contract is unsustainable against a client who did not enter into a written engagement. However, even if the arbitrator had made an error of law or fact in concluding that respondents had breached the retainer agreements, this alone would not justify vacating the award (Matter of Falzone [New York Cent. Mut. Fire Ins. Co], 15 NY3d 530, 534 [2010]).
The court also properly rejected respondents' argument that the arbitrator's decision was totally irrational and/or manifested a disregard for the law in awarding a contractual late fee of 1% per month in addition to prejudgment statutory interest of 9% per year. There was nothing totally irrational about awarding late fees, which were prescribed by the contract, in addition to statutory interest, which is imposed by law.
Regarding the Second Order, the court improperly denied the motions based upon its finding that petitioner had failed to commence a separate special proceeding to enforce the judgment. The language of CPLR 5225 clarifies that the court had jurisdiction to resolve the turnover motion. While CPLR [*2]5225(a) provides that a judgment creditor seeking turnover of money or personal property "in possession or custody" of the judgment debtor does so "[u]pon motion of the judgment creditor," CPLR 5225(b) provides that a judgment creditor seeking turnover of money or personal property in a third party's possession or custody does so "[u]pon a special proceeding commenced by the judgment creditor" (see Koehler v Bank of Bermuda Ltd., 12 NY3d 533, 541 [2009] [explaining that "CPLR 5525(a) is invoked by a motion made by the judgment creditor, whereas CPLR 5225(b) requires a special proceeding brought by the judgment creditor against the garnishee"]). Given that petitioner brought the motions against the judgment debtor as opposed to a third party, it was not required to commence a separate proceeding.
The Commercial Division rules do not change this result. Pursuant to 22 NYCRR 202.70(c)(5), "proceedings to enforce a judgment[,] regardless of the nature of the underlying case" will not be heard in the Commercial Division, even where the monetary threshold is met. However, petitioner has not brought a "proceeding" to enforce a judgment, it simply made motions in an already pending action to enforce the judgment that the court had already entered. This rule does not compel a finding that the Justices of the Commercial Division lack the authority to enforce their own judgments.
To the extent petitioner is asking this Court to rule on the substantive merits of the underlying motions, we decline to do so since the motion court has not yet considered the arguments or the proof. "The Appellate Division is a court of review except where original jurisdiction is conferred upon it by the Constitution or statutes of the State" (Skinner v Paramount Pictures, 294 NY 474, 478 [1945]). Accordingly, the matter is remanded to Supreme Court with instructions to resolve the underlying motions.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021